United States Court of Appeals,

Fifth Circuit.

No. 95-50861

Summary Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Kevin Glenn RAWLS, Defendant-Appellant.

June 17, 1996.

Appeal from the United States District Court for the Western District of Texas.

Before GARWOOD, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Kenneth Glenn Rawls is a federal prisoner serving a sentence imposed following conviction by a jury for possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a) (count one), and acquisition of a firearm by knowingly making a false written statement, in violation of § 922(a)(6) (count two). Seeking relief through 28 U.S.C. § 2255, Rawls filed a motion to vacate, set aside, or correct his sentence, which motion was denied by the district court. For the reasons set forth below, we affirm.

I

FACTS AND PROCEEDINGS

When Rawls was convicted on counts one and two, the government sought an enhanced sentence under 18 U.S.C. § 924(e)(1), on the basis of Rawls' two burglary convictions grounded in different occurrences on the same date, and a conviction for robbery

1

committed three years thereafter. As a result, Rawls was sentenced to an enhanced sentence totaling 188 months of imprisonment, a total period of supervised release of five years, a $1500 fine, and a $100 special assessment. In his unsuccessful direct appeal to this court, Rawls argued that (1) the district court abused its discretion in admitting purported hearsay testimony during the trial; (2) the evidence was insufficient to prove that he knowingly made a false statement in connection with his acquisition of the firearm; (3) his constitutional rights were violated by the court's use of the preponderance-of-the-evidence standard for the government's burden of proof for enhancement of his sentence under § 924(e)(1); and (4) the enhancement under that section was improper because the two burglaries, committed on the same date, could not be deemed "separate occurrences."

In his § 2255 motion, Rawls insists that § 922(g)(1) is unconstitutional for exceeding the authority of Congress under the Commerce Clause, and is unconstitutional as applied to him under the facts of this case. He also urges that he had ineffective assistance of counsel and that he should receive a three level downward adjustment for acceptance of responsibility. For good measure, Rawls urges that his two prior burglary offenses should have been counted as only one offense under the authority of U.S.S.G. § 4A1.2, that pre-indictment delay violated his due process rights, and that his Fourth Amendment rights were violated. The district court denied the § 2255 motion and this appeal ensued.

II

ANALYSIS

Relying in large part on *United States v. Lopez,* --- U.S. ---
-, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), Rawls argues that
Congress exceeded its authority to regulate commerce when it
enacted § 922(g)(1). That section, however, has been held to be
constitutional under the Commerce Clause. *United States v.
Wallace,* 889 F.2d 580, 583 (5th Cir.1989), *cert. denied,* 497 U.S.
1006, 110 S.Ct. 3243, 111 L.Ed.2d 753 (1990). In *Lopez,* the
Supreme Court affirmed our holding that 18 U.S.C. § 922(q), which
purported to criminalize possession of a firearm within a specified
proximity to a school, exceeded the power of Congress to legislate
under the Commerce Clause because "[t]he possession of a gun in a
local school zone is in no sense an economic activity that might,
through repetition elsewhere, substantially affect any sort of
interstate commerce." *Lopez,* --- U.S. at ----, ----, 115 S.Ct. at
1626, 1634. Central to the Court's holding in *Lopez* was the fact
that § 922(q) contained "no jurisdictional element which would
ensure, through a case-by-case inquiry, that the firearm possession
in question affects interstate commerce." *Id.* at ----, 115 S.Ct.
at 1631.

We have not, since *Lopez,* considered its effect on the
constitutionality of § 922(g)(1).[1] Other circuits addressing the
issue since *Lopez* have concluded that the Court's reasons for

---

[1]In *United States v. Segeada,* No. 95-40430, 74 F.3d 1237
(5th Cir. Nov. 30, 1995) (unpublished), we held, without
discussion, that the defendant's assertion that § 922(g)(1) was
unconstitutional did not constitute reversible error.

holding § 922(q) unconstitutional are inapplicable to § 922(g)(1). *See United States v. Sorrentino,* 72 F.3d 294, 296 (2d Cir.1995); *United States v. Bell,* 70 F.3d 495, 498 (7th Cir.1995); *United States v. Shelton,* 66 F.3d 991, 992 (8th Cir.1995), *cert. denied,* --- U.S. ----, 116 S.Ct. 1364, 134 L.Ed.2d 530 (1996); *United States v. Hanna,* 55 F.3d 1456, 1462 & n. 2 (9th Cir.1995); *United States v. Collins,* 61 F.3d 1379, 1383-84 (9th Cir.), *cert. denied,* --- U.S. ----, 116 S.Ct. 543, 133 L.Ed.2d 446 (1995); *United States v. Bolton,* 68 F.3d 396, 400 (10th Cir.1995), *cert. denied,* --- U.S. ----, 116 S.Ct. 966, 133 L.Ed.2d 887 (1996). Today we join all other circuits that have considered the issue post-*Lopez* and hold that neither the holding in *Lopez* nor the reasons given therefor constitutionally invalidate § 922(g)(1).

Rawls also argues that § 922(g)(1) is unconstitutional as applied to him. More specifically, he points out that when he was arrested no interstate activity was occurring. He contends that, as such, he was not involved in an enterprise engaged in interstate or foreign commerce, so his possession of the firearm "had no connection to channels or instrumentalities of interstate commerce." This argument too is unavailing.

Section 922(g)(1) makes it unlawful for a person who has been convicted of a felony "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." The "in or affecting commerce" element can be satisfied if the

4

firearm possessed by a convicted felon had previously traveled in interstate commerce. *United States v. Fitzhugh,* 984 F.2d 143, 146, *cert. denied,* --- U.S. ----, 114 S.Ct. 259, 126 L.Ed.2d 211 (1993) ("[A] convicted felon's possession of a firearm having a past connection to interstate commerce violates § 922(g)."); *Scarborough v. United States,* 431 U.S. 563, 575, 97 S.Ct. 1963, 1969, 52 L.Ed.2d 582 (1977) (concluding that Congress did not intend to require any more than the minimal nexus that, at some time, the firearm had been in interstate commerce). As we noted on direct appeal, an ATF weapons expert testified at Rawls' trial that the revolver he possessed was manufactured in Massachusetts, so that the revolver's presence in Texas had to result from transport in interstate commerce. This evidence is sufficient to establish a past connection between the firearm and interstate commerce. *See Fitzhugh,* 984 F.2d at 146. We hold that § 922(g)(1) is not unconstitutional as applied to Rawls.

As for the other issues urged by Rawls in this appeal, it suffices that we have reviewed the record and considered the legal arguments raised by the parties in their briefs to this court, and are satisfied that no reversible error has been committed, and that Rawls is entitled to no relief, in connection with his claims regarding the counting of prior crimes and ineffective assistance of counsel. The remaining claims asserted by Rawls in his § 2255 motion have not been raised on appeal and are thus deemed abandoned. *Hobbs v. Blackburn,* 752 F.2d 1079, 1083 (5th Cir.), *cert. denied,* 474 U.S. 838, 106 S.Ct. 117, 88 L.Ed.2d 95 (1985).

For the foregoing reasons, the rulings of the district court culminating in the denial of Rawls' § 2255 motion are, in all respects,

AFFIRMED.

GARWOOD, Circuit Judge, with whom WIENER and EMILIO M. GARZA, Circuit Judges, join, specially concurring:

I concur, with these added observations.[1]  If the matter were *res nova,* one might well wonder how it could rationally be concluded that mere possession of a firearm in any meaningful way concerns interstate commerce simply because the firearm had, perhaps decades previously before the charged possessor was even born, fortuitously traveled in interstate commerce.  It is also difficult to understand how a statute construed never to require any but such a *per se* nexus could "ensure, through case-by-case inquiry, that the firearm possession in question affects interstate commerce."  *United States v. Lopez,* --- U.S. ----, ----, 115 S.Ct. 1624, 1631, 131 L.Ed.2d 626 (1995).  However, the opinion in *Scarborough v. United States,* 431 U.S. 563, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977), dealing with the predecessor to section 922(g), requires us to affirm denial of relief here.  While *Scarborough* addresses only questions of statutory construction, and does not expressly purport to resolve any constitutional issue, the language of the opinion and the affirmance of the conviction there carry a strong enough implication of constitutionality to now bind us, as an inferior court, on that issue in this essentially

_____

[1]As neither party has requested oral argument, this special concurrence is consistent with summary calendar disposition.

6

indistinguishable case, whether or not the Supreme Court will ultimately regard it as a controlling holding in that particular respect.[2]  Nothing in *Lopez* expressly purports to question *Scarborough,* and indeed it is not even cited in *Lopez.*  Moreover, section 922(g) at issue here, unlike section 922(q) at issue in *Lopez,* does expressly require some nexus to interstate commerce, thus importantly reflecting that Congress was exercising that delegated power and not merely functioning as if it were the legislative authority of a unitary state.  *Lopez* refused to "convert congressional authority under the Commerce Clause to a general police power of the sort retained by the States" and, though recognizing that "[t]he broad language" in some of its prior opinions "has suggested the possibility of additional expansion," nevertheless "decline[d] here to proceed any further."  *Id.* at ----, 115 S.Ct. at 1634.  It is not for us to say that following what seems to be implicit in *Scarborough* is to proceed "further" down the road closed by *Lopez.*  In any event, this panel is bound by our post-*Lopez* decision in *United States v. Segeada,* No. 95-40430, 74 F.3d 1237 (5th Cir. Nov. 30, 1995) (unpublished), holding section 922(g)(1) constitutional.

---

[2]See, for example, the following from *Scarborough* where the Court observed:  "... we see no indication that Congress intended to require any more than the minimal nexus that the firearm have been, at some time, in interstate commerce."  *Id.* at 575, 97 S.Ct. at 1969 (footnote omitted).