**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 95-20889**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**TAM DUY NGUYEN,**

**Defendant-Appellant.**

_____

Appeal from the United States District Court
for the  Southern District of Texas
_____

July 9, 1997

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:

In this appeal, we address whether the Double Jeopardy Clause prohibits a court from imposing consecutive sentences for two counts of the same indictment, where one count charges the defendant with destroying property by means of an explosion, and the other charges the defendant with using and carrying a destructive device during the commission of the former count.  We also address whether minor damage to an apartment complex renders this murder case subject to the federal arson/explosion statute because the crime involved an activity affecting commerce.  18 U.S.C. § 844(i).

Tam Duy Nguyen admitted to the police that he gave instructions on how to build a car bomb to another party, paid that individual to construct the bomb, and placed the bomb under the driver's seat of Lam Huu Diep's van, which was parked in front of an apartment building.  On January, 23, 1992, Diep entered his van and turned his key in the ignition, triggering an explosion that

killed Diep, destroyed his van, and blew out the windows and doors of two units of the apartment building.

Following trial by jury, Nguyen was convicted on three counts. Count 1 charged Nguyen with conspiring to violate 18 U.S.C. § 844(i), a violation of 18 U.S.C. § 371. Count 2 charged Nguyen with damaging and destroying property that was used in interstate commerce or in an activity affecting interstate commerce by means of an explosive, a violation of 18 U.S.C. § 844(i). Count 3 charged Nguyen with using and carrying a firearm (which includes explosives among its definitions under 18 U.S.C. §§921 (a)(3) and (4)) in violation of 18 U.S.C. § 924(c)(1).

On appeal, Nguyen argues that Counts 2 and 3 were multiplicitous and violated the Double Jeopardy Clause, and that the Government failed to prove the interstate commerce element of 18 U.S.C. § 844(i).

In *United States v. Singleton*, 16 F.3d 1419 (5th Cir. 1994), we addressed the question whether the Double Jeopardy Clause prevented the Government from charging the defendants with both carjacking, a violation of 18 U.S.C. § 2119, and the use or carrying of a firearm during or in relation to a crime of violence, a violation of 18 U.S.C. § 924(c)(1). We held that the question is whether the statutes indicate a congressional desire to impose multiple punishments. *Id.* at 1428. Finding that § 924(c) on its face provided for multiple punishments, we concluded that the defendants could be tried on both counts without violating the Double Jeopardy Clause. *Id.* at 1429. *Singleton*'s rationale applies equally to the instant case; we find that Nguyen's convictions for violating §§ 844(i) and 924(c) do not violate the Double Jeopardy Clause.[1]

---

[1] This court's recent decision, *United States v. Corona*, 108 F.3d 565 (5th Cir. 1997), reached a result different from *Singleton*. In *Corona*, the defendant had been convicted for violations of 18 U.S.C. § 371, 18 U.S.C. § 844(i), and 18 U.S.C. § 844(h)(1), and on appeal this court found a double jeopardy violation, because "Congress has not authorized three separate punishments for arson, conspiracy to commit arson, and for using fire to commit conspiracy to commit arson." The statutory language of 18 U.S.C. § 844(h) contains language indicating an intent that the offense be punished cumulatively with other offenses that closely mirrors similar language in 18 U.S.C. § 924(c). *Compare* 18 U.S.C. § 844(h) ("Whoever-- (1) uses fire or an explosive to commit any felony which may be prosecuted in a court of the United States, or (2) carries an explosive during the commission of any felony which may be prosecuted in a court of the United States, . . . shall, *in addition to the punishment provided for such felony*, be sentenced to imprisonment for 10 years. . . .

As for Nguyen's Interstate Commerce argument, we find *Russell v. United States*, 471 U.S. 858, 105 S. Ct. 2455 (1985), controlling, at least until the Supreme Court reconsiders it in light of *United States v. Lopez*, 514 U.S. 549, 115 S. Ct. 1624 (1995). In *Russell*, the Supreme Court observed regarding § 844(i): "In sum, the legislative history suggests that Congress at least intended to protect all business property, as well as some additional property that might not fit that description, but perhaps not every private home." *Id.* at 862, 105 S. Ct. at 2457. The Court went on to state that while the statute "[b]y its terms . . . only applies to property that is 'used' in an 'activity' that affects commerce," the local rental of an apartment was sufficient to fall within this category. *Id.* In the instant case, the van that exploded was used to provide maintenance supplies for the building, the building was also damaged, and two of the building's apartments were being used as business offices. Pursuant to *Russell,* the rental property damaged by Nguyen's explosion was property being "'used' in an 'activity' that affects commerce," and thus interstate commerce, within the meaning of § 844(i).

For the reasons discussed above, Nguyen's sentences are **AFFIRMED**.

---

Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, *nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the felony in which the explosive was used or carried*") *with* 18 U.S.C. § 924(c) (1) ("Whoever, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, shall, *in addition to the punishment provided for such crime of violence or drug trafficking crime*, be sentenced to imprisonment for five years. . . . Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, *nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried*") (emphasis added).

Although a faithful application of *Singleton* to *Corona* would seem to warrant the same result as in *Singleton*, *Corona* never specifically addressed whether this language in Section 844(h) indicates an explicitly stated intent by Congress to impose the offense cumulatively with other offenses. In any case, *Corona* can be distinguished from the instant case in a number of ways. For example, Nguyen's convictions arose under three separate statutes, and did not involve multiple subsections of the same statute, unlike *Corona*. Furthermore, the instant case essentially involves several offenses--*i.e.*, using an explosive in a *crime of violence* (§ 924(c)(1)) and destroying *property* used in commerce (§ 844(i)), in addition to the conspiracy count--rather than the "arson/conspiracy to commit arson/using fire to conspire to commit arson" triple redundancy that arose in *Corona*. Most importantly, *Corona* did not involve 18 U.S.C. § 924(c)(1), and *Singleton*, the earlier of the two decisions, is directly on point. We are bound by *Singleton*'s holding that Section 924(c)'s cumulative offense language authorizes Section 924(c)(1) to be imposed cumulatively with other offenses.

3

ENDRECORD

EDITH H. JONES, Circuit Judge, Dissenting:

I respectfully dissent from affirming this conviction because it is an abuse of the federal government's authority to prosecute this local revenge murder. In United States v. Lopez, 514 U.S. 549, 115 S.Ct. 1624 (1995), the Supreme Court reminded the courts to police the borders of federalism with new care and due regard for the unique historical primacy of states in local law enforcement. I do not see how a killing of one man by his acquaintance can be a federal offense simply because the killer used a car bomb and de minimis damage was done to adjacent rental property.

The issue in this case is not Congress's power to criminalize the act of maliciously damaging or destroying, or attempting to damage or destroy

> by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce.

18 U.S.C. § 844(i). Nor is it an issue here whether an explosion perpetrated on local rent property can be federally prosecuted, because the Supreme Court has held that such rental activity affects commerce. Russell v. United States, 471 U.S. 858, 862, 105 S. Ct. 2455, 2457 (1985). While Russell's conclusion that local rent property "affects commerce" is not as demanding as the Lopez "substantial effects" test, Russell binds us until it is reconsidered by the Supreme Court. See United States v. Rawls, 85 F.3d 240, 242-43 (5th Cir. 1996) (observing that, although 18

5

U.S.C. § 922 would not meet Lopez's requirements for a sufficient nexus to commerce if the matter were considered res nova, this court was bound by Scarborough v. United States, 431 U.S. 563, 97 S. Ct. 1963 (1977), which dealt with a predecessor to 18 U.S.C. § 922(g)); Rodriquez de Quijas v. Shearson/American Express, Inc., 490 U.S. 477, 484-85, 109 S. Ct. 1917, 1921-22 (1989) (instructing that when "a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions").

Given these premises, however, Lopez still does not permit me to agree that inflicting "by means of fire or explosive" any damage, no matter how trivial or unexpected, on a local rental property is an act that "substantially affects" interstate commerce.[2] Lopez indicated that when, as here, a federal statute contains a jurisdictional element reflecting Congress's intent to regulate interstate commerce, case-by-case inquiry remains necessary to maintain the limits on federal power. See Lopez, 514 U.S. at ___, 115 S.Ct. at 1631; United States v. Pappadopoulos, 64 F.3d 522, 526 (9th Cir. 1995) (holding that Lopez's "substantial

---

[2] Lopez described three classes of valid legislation under the commerce clause: legislation that regulates "the use of the channels of interstate commerce;" that which regulates or protects "the instrumentalities of interstate commerce, or persons or things in interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities;" and that which regulates even local activities that "substantially affect" interstate commerce. Lopez, 514 U.S. at ___, 115 S.Ct. at 1629-30. The federal arson statute is among the third class. See Russell, 471 U.S. at 862, 105 S. Ct. at 2457 (discussing the effect on commerce of the local rental of an apartment, and Congress's power to regulate this activity).

6

effects" analysis must be applied to ensure the constitutionality of a statute that relies on a jurisdictional element in individual cases where the significance of the contacts to interstate commerce is at issue). The substantial effects test articulates the limit.

Admittedly, what constitutes a substantial effect may impose more of a rhetorical than an actual limit on federal authority, as is exemplified by some of the economic regulation cases cited in Lopez.[3] In the criminal area, however, the substantial effects test is meaningful, because criminal law enforcement has traditionally been a state responsibility. Further, the effects of crime are ordinarily wholly local and often non-commercial. If it seems mere rhetoric to confine federal legislation to local activities with a substantial effect on interstate commerce, it is untenable to judicially eliminate either the word "interstate" or "commerce" from the Constitution and "convert congressional Commerce Clause authority to a general police power of the sort held only by the States". Lopez, 514 U.S. at ___, 115 S. Ct. at 1625.

Taking Russell as still-guiding law after Lopez, the application of the substantial effects test to this statute may be easily described: a defendant's act or attempt at maliciously damaging or destroying, by means of fire or an explosive, property used in interstate commerce must have [or intend] a direct impact

---

[3]    See, e.g., Hodel v. Virginia Surface Mining & Reclamation Assn., Inc., 452 U.S. 264, 276-280, 101 S.Ct. 2352, 2360-2361 (1981) (upholding regulation of intrastate coal mining); Wickard v. Filburn, 317 U.S. 111, 63 S.Ct. 82 (1942) (upholding regulation of production and consumption of home-grown wheat under the Commerce Clause).

on the property's ability to be used in that fashion.  Thus, intentional or attempted incineration of the property substantially affects interstate commerce.[4]  Setting off a firecracker on the floor of a department store, however, or causing minor damage to property used in interstate commerce as a result of a non-commercial arson on nearby property does not.[5]

The evidence in this case plainly proves a crime that had no connection to interstate commerce and that only accidentally, insubstantially damaged commercial rental property.  Appellant Nguyen arranged for a bomb to be placed in Diep's vehicle, killing Diep and destroying the van, but barely grazing the adjacent apartment complex.  The government argued at trial that the privately owned van affected interstate commerce because the victim used it to transport items relating to his job as a maintenance man for the apartment complex.  This single connection is too tenuous

---

[4]    Strictly speaking, the regulated activity under § 844(i) is not simply property affecting commerce, but the arson or destruction of such property. *See*, *e.g.*, *United States v. Gaydos*, 108 F.3d 505, 508 (3d Cir. 1997) (discussing "Russell's interpretation of § 844(i), and its holding, that the statute constitutionally regulates arson of business property"); United States v. Pappadopoulos, 64 F.3d 522, 526 (9th Cir.1995) ("the conduct regulated by section 844(i)--arson--is not commercial or economic in nature").  After *Lopez*, courts should consider on a case-by-case inquiry whether this effect on commerce is substantial.  See, e.g., United States v. Corona, 108 F.3d 565, 570 (5th Cir. 1997) (Congress may constitutionally criminalize "the burning of buildings rented by cab companies for commercial purposes [under § 844(i)] because those burnings can have a substantial effect on interstate commerce") (emphasis added); Pappadopoulos, 64 F.3d at 527-28 (the destruction of a privately owned house did not substantially affect interstate commerce, because the house's sole connection to interstate commerce was a natural gas line).

[5]    This court's recent decision,  United States v. Corona, 108 F.3d 565 (5th Cir. 1997), should be distinguished.  In *Corona*, the defendants targeted an arguably residential (and non-commercial) house, but the fire spread to a building next door with a sufficient connection to commerce to support a conviction under § 844(i).  Unlike the instant case, in *Corona* the damage to the adjacent structure, a commercially-rented taxicab warehouse and cab employee lounge, was substantial--the roof collapsed, and the building along with one of the taxicabs was destroyed. Id. at 568; United States v. Corona, 934 F. Supp. 740, 741-43 (E.D. La. 1996), aff'd, 108 F.3d 565 (5th Cir. 1997).

to support federal jurisdiction.  See <u>United States v. Collins</u>, 40 F.3d 95, 99 (5th Cir. 1994) (reversing convictions and sentences for violation of 18 U.S.C. § 1921(a) and 18 U.S.C. § 924(c)(1) because theft of a vehicle which prevented the owner from attending a business meeting was "too attenuated to satisfy the interstate commerce requirement"), <u>cert. denied</u>, ___ U.S. ___, 115 S. Ct. 1986 (1995).  As for the apartment building, there was minor damage to some French doors and to the juncture of the 2x6 planks that formed part of the eaves.  There was no structural damage to the building, and it was not closed down for repairs.  If this is a federal crime it is hard to conceive of any arson or explosive-related case that would not be.

The federal arson/explosive statute expressly seeks to protect property <u>used</u> <u>in</u> <u>commerce</u>.  The use of this property had nothing to do with the crime, and the superficial scrapes the building received in no way impaired its position in commerce. Based on a post-<u>Lopez</u> individual inquiry as to whether the defendant's car-bombing of his acquaintance substantially affected interstate commerce, the answer seems to me easy.  Broken windows and split eaves do not make a federal case.  I respectfully dissent.