# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

## No. 00-10491
## Summary Calendar

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JERMAINE LYNN AGU,**

**Defendant-Appellant.**

_____

### Appeal from the United States District Court
### for the Northern District of Texas
### No. 2:99-CR-49-1

_____

December 21, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Jermaine Lynn Agu appeals his conviction and sentence for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). Agu asserts that 18 U.S.C. § 922(g)(1) is unconstitutional on its face and as applied to him. Agu further contends that the district court erred in denying his motion to dismiss the indictment based on alleged prosecutorial misconduct occurring before the grand jury.

Because Agu raises his challenge to the constitutionality of 18 U.S.C. § 922(g) for the first time on appeal, this court's review is for plain error only. *United States v. Calverley*, 37

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.3d 160, 162-64 (5th Cir. 1994) (en banc), *cert. denied*, 513 U.S. 1196 (1995). As Agu acknowledges, this court rejected the arguments Agu now advances regarding the unconstitutionality of 18 U.S.C. § 922(g) in *United States v. Rawls*, 85 F.3d 240, 242 (5th Cir. 1996) (finding statute did not violate commerce clause because "in or affecting commerce" element was satisfied if firearm had previously traveled in interstate commerce). *Rawls* is binding on the panel considering this appeal. *United States v. Kuban*, 94 F.3d 971, 973 (5th Cir. 1996) (stating that in considering claim that § 922(g) was unconstitutional, panel was bound by *Rawls*), *cert. denied*, 519 U.S. 1070 (1997). Therefore, Agu's challenge is without merit, and he has failed to show that the district court erred, plainly or otherwise, in applying the statute in this case.

Agu asserts that the Government's witness at the grand jury, Agent Melvin Dixon Robin, testified falsely before the grand jury. Agu contends that this alleged prosecutorial misconduct denied him due process and was harmful and prejudicial to him, warranting dismissal of the indictment against him. As dictated by the Supreme Court in *United States v. Mechanik*, 475 U.S. 66, 71-72 (1986), we apply the harmless error standard of Fed. R. Crim. P. 52(a) in reviewing errors occurring before the grand jury. The relevant inquiry is whether the alleged error occurring before the grand jury affected the outcome of the trial. *Mechanik*, 475 U.S. at 70-72. When prosecutorial misconduct is the alleged error, a dismissal of the indictment is appropriate only when the misconduct

2

was prejudicial to the defendant. ***Bank of Nova Scotia v. United States***, 487 U.S. 250, 255 (1988).

Pretermitting the issue of whether Agu waived his objections to the indictment, we conclude that dismissal of the indictment was unwarranted because the alleged false grand jury testimony offered by Agent Robin was harmless and did not prejudice Agu. The relevant testimony was exposed to the jury at trial, and Agent Robin was questioned specifically about the testimony at trial. Despite this testimony, and the testimony of Corporal Nevins establishing that the fingerprints found on the magazine did not match Agu's, the jury found Agu "guilty as charged beyond a reasonable doubt". ***Mechanik***, 475 U.S. at 70. We conclude, therefore, that any error in the grand jury proceeding stemming from Agent Robin's testimony had no effect on the outcome of the trial, was harmless, and did not prejudice Agu. ***Id.*** at 72; ***Bank of Nova Scotia***, 487 U.S. at 24-55. Accordingly, Agu's conviction and sentence are

**AFFIRMED.**

3