IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10425
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

TED CALVIN BLAND,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:99-CR-191-1-E
---------------------
March 19, 2001

Before REAVLEY, DeMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Ted Calvin Bland appeals his convictions for being a felon in possession of a firearm.  Bland argues that 18 U.S.C. § 922(g)(1) is unconstitutional on its face because it fails to require a "substantial effect" on interstate commerce.  He also contends that the Government should be required to prove the knowledge element of the same statute.  Bland concedes that his arguments are foreclosed by this court's precedent and indicates they are presented here solely for issue preservation purposes.

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The "in or affecting commerce" element of 18 U.S.C. § 922(g)(1) requires only a minimal nexus between the firearm and interstate commerce. United States v. Gresham, 118 F.3d 258, 265 (5th Cir. 1997). This element is satisfied because the firearms possessed by Bland previously traveled in interstate commerce. United States v. Rawls, 85 F.3d 240, 242 (5th Cir. 1996). Knowledge of a legal obligation is not an element of 18 U.S.C. § 922(g)(1). United States v. Dancy, 861 F.2d 77, 82 (5th Cir. 1988). Recent decisions by the Supreme Court do not alter this court's jurisprudence regarding 18 U.S.C. § 922(g)'s minimal interstate-nexus or knowledge requirements. Accordingly, Bland's convictions are AFFIRMED.