IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50099
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES COMPEAN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-00-CR-257-ALL
--------------------
August 28, 2001

Before JOLLY, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Charles Compean appeals his conviction for being a felon in possession of a firearm.

He argues that the district court erred by admitting his previous drug-possession conviction after he had stipulated to having a prior felony conviction. He asserts that the Government misled the jury into believing that his prior conviction was for firearms possession. Even if it is presumed that the jury believed Compean's prior conviction was for firearm possession, any error is harmless given the district court's curative

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

instruction.  See United States v. Munoz, 150 F.3d 401, 413 (5th Cir. 1998).

Compean challenges the admission of evidence that he possessed other items in the apartment where the firearms were found.  As this evidence was probative of whether Compean resided at the apartment, the district court did not err by admitting this evidence.  Fed. R. Evid. 401.

Compean also contends that 18 U.S.C. § 922(g)(1) is unconstitutional on its face because it fails to require a "substantial effect" on interstate commerce.  He concedes that his arguments are foreclosed by this court's precedent, but seeks to preserve the issue for possible Supreme Court review.  The "in or affecting commerce" element of 18 U.S.C. § 922(g)(1) requires only a minimal nexus between the firearm and interstate commerce. United States v. Gresham, 118 F.3d 258, 265 (5th Cir. 1997). This element is satisfied because the firearms possessed by Compean previously traveled in interstate commerce.  United States v. Rawls, 85 F.3d 240, 242 (5th Cir. 1996).  Accordingly, Compean's conviction is AFFIRMED.