IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40011
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JESUS ARANDA

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-00-CR-301-1
--------------------
November 9, 2001

Before KING, Chief Judge, and HIGGINBOTHAM and BENAVIDES, Circuit
Judges.

PER CURIAM:*

Jesus Aranda appeals his conviction for stealing a firearm
from a licensed firearms dealer that had "been shipped or
transported in interstate or foreign commerce," in violation of
18 U.S.C. § 922(u).  Aranda contends that the evidence was
insufficient to satisfy the interstate commerce element of 18
U.S.C. § 922(u).

The statute does not exceed the power of Congress to
legislate under the Commerce Clause because the language "shipped

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

or transported in interstate or foreign commerce" provides the requisite interstate commerce element.  18 U.S.C. § 922(u); United States v. Luna, 165 F.3d 316, 320-22 (5th Cir.), cert. denied, 526 U.S. 1126 (1999).  The undisputed evidence revealed that the firearm was manufactured in Connecticut and that Aranda stole the firearm from a firearms dealer in Texas.  A mere showing that the weapon in question traveled at some time from one state to another is enough to demonstrate the jurisdictional element.  See Luna, 165 F.3d at 322; United States v. Gresham, 118 F.3d 258, 264-65 (5th Cir. 1997), cert. denied, 522 U.S. 1052 (1998); United States v. Pierson, 139 F.3d 501, 503-04 (5th Cir. 1998); United States v. Rawls, 85 F.3d 240, 242-43 (5th Cir. 1996).

    AFFIRMED.