United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-11184
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DOYLE SANDERS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:99-CR-063-C
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:*

Sanders argues that the district court abused its discretion in refusing to instruct the jury regarding simple possession as an alternative to two counts of possession with intent to distribute. Under *United States v. Lucien*, 61 F.3d 366, 372 (5th Cir. 1995), the district court should give the lesser-included instruction only if the evidence permits a jury to rationally find the defendant guilty of the lesser offense yet innocent of the greater. The evidence here does not permit such a finding:

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

while Sanders focuses only on the small amount of drugs found at his ranch, he ignores copious other evidence indicating that he did more than possess drugs for personal use — the testimony of Kelly Warren and Brenda Hayes describing a wide-ranging and long-running distribution conspiracy, drug ledgers indicating Sanders's name in connection with distribution, recorded telephone conversations between Sanders and co-conspirators discussing distribution, evidence that he was attempting to procure a quarter-pound of drugs from Tommy Haynes when Haynes was arrested, and scales, packaging materials, and the names and numbers of his co-conspirators found at his ranch.  The district court did not abuse its discretion.

Sanders also challenges the constitutionality of 21 U.S.C. § 851 and 18 U.S.C. § 922(g).  As he acknowledges, his arguments are foreclosed by, respectively, *Almendarez-Torres v. United States*, 523 U.S. 224 (1998) and *United States v. Rawls*, 85 F.3d 240 (5th Cir. 1996), and he raises them only to preserve them.

AFFIRMED.