United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 23, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-50457
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL EARL CLARK,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:04-CR-87
--------------------

Before JONES, Chief Judge, and JOLLY and OWEN, Circuit Judges.

PER CURIAM:[*]

Michael Earl Clark appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He challenges the sufficiency of the evidence supporting the district court's finding that he constructively possessed the weapon discovered in a bag on the passenger floorboard of his vehicle. Clark argues that the evidence connecting him to the gun is equivocal, that an inference exists that the gun belonged to another passenger in the vehicle because the gun was found in a bag

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

near her and containing her belongings, and that the gun was not in plain view.

We have held that when there is joint occupancy or presence at a location in which a weapon is found the court will apply a "'commonsense, fact-specific approach'" to determine if an individual is in possession of the weapon. United States v. Mergerson, 4 F.3d 337, 349 (5th Cir. 1993). Also, when there is joint occupancy or joint presence of the location where the weapon is found, we have held that evidence must establish a plausible inference that the defendant had knowledge of, and access to, the weapon. Id.

The evidence presented at trial indicates that both officers saw Clark reaching toward the passenger floorboard as they approached the vehicle, and Officer Marco Garza saw him place in the bag a shiny object that appeared to be a gun. Additionally, the bag was open and leaning toward the driver side of the vehicle. The officers testified that they did not see any other weapons or shiny objects in the bag. Officer Garza also stated that he did not see any other shiny objects in the front seat area or between the driver and passenger seats. The district court found credible the testimony of Officers Garza and Fuller that Clark placed a shiny object in the bag, that the handgun was the only shiny object they saw in the bag, and that the bag was open in Clark's direction. A review of the evidence indicates that it was sufficient for the district court to infer that Clark exercised

dominion and control over the gun, and therefore, that he had constructive possession of the firearm. See Mergerson, 4 F.3d at 349. Thus, there is sufficient evidence to support Clark's conviction.

Clark also argues that § 922(g)(1) violates the Commerce Clause. He concedes that his contention is foreclosed by controlling Fifth Circuit precedent, namely United States v. Rawls, 85 F.3d 240, 241-43 (5th Cir. 1996); however, he raises it to preserve it for possible review by the Supreme Court. One panel of this court may not overrule another panel. United States v. Taylor, 933 F.2d 307, 313 (5th Cir. 1991). Clark's argument is foreclosed by circuit precedent, and the district court's judgment should be affirmed.

AFFIRMED.