**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 17, 2012

Lyle W. Cayce
Clerk

No. 11-50541
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RUBEN ZAPATA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10-CR-636-1

Before WIENER, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Ruben Zapata appeals his jury trial conviction of being a felon in possession of a firearm. He argues that the district court, by making disparaging remarks about his trial attorney in front of the jury, and by making other remarks outside the jury's presence, deprived him of a fair trial and the effective assistance of counsel. Zapata did not contemporaneously object to the district court's remarks; however, he raised the judicial misconduct claim advanced in the instant appeal in a motion for a new trial under Rule 33 of the

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Federal Rules of Civil Procedure. The district court addressed the merits of Zapata's claim and denied the new trial motion.

The government asserts that Zapata's new trial motion was untimely and that, in view of Zapata's failure to object to the district court's remarks, review should be for plain error. We need not address the timeliness issue because Zapata fails to establish reversible error under the abuse of discretion standard applicable to the denial of new trial motions. *See United States v. Franklin*, 561 F.3d 398, 405 (5th Cir. 2009).

"[A] trial judge has enormous influence on the jury and therefore must act with a corresponding responsibility." *United States v. Williams*, 809 F.2d 1072, 1086 (5th Cir. 1987). Where a defendant asserts a claim of judicial misconduct, we review to "determine whether the judge's behavior was so prejudicial that it denied the defendant a fair, as opposed to a perfect, trial." *United States v. Bermea*, 30 F.3d 1539, 1569 (5th Cir. 1994) (citations omitted). We examine the trial court's actions in the context of the entire record. *See United States v. Saenz*, 134 F.3d 697, 702 (5th Cir. 1998).

We briefly summarize the allegedly disparaging remarks made before the jury, which came during efforts by Zapata's counsel to cross-examine the government's witness, Judy Larios, regarding her prior inconsistent statements. As Zapata's counsel attempted to play a tape recording that was not in evidence, the district court commented "You know better than that." When counsel argued that an exception to the hearsay rule applied, the district court stated "I went to law school before y'all were born, so don't try to tell me that." Finally, when the district court ascertained that a recess would be necessary so that the witness could refresh her recollection by listening to the 25-minute long recording, it dismissed the jury for the day, commenting, "Obviously [we] have a lack of preparation here."

The district court appropriately instructed the jury that it should disregard anything it had said in determining Zapata's guilt or innocence. We

have determined that a similar curative instruction operated against a finding of constitutional error.  *See Bermea*, 30 F.3d at 1571-72.  To the extent that Zapata complains of comments made outside the jury's presence, our examination discloses no objectionable remarks, and we note that the district judge took reasonable steps to discourage defense counsel from interrupting him and from arguing evidentiary issues in front of the jury.  "Federal judges have wide discretion with respect to the tone and tempo of proceedings before them; they are not mere moderators or hosts at a symposium."  *United States v. Adkins*, 741 F.2d 744, 747 (5th Cir. 1984) (internal quotation marks and citation omitted).  Moreover, Zapata has not shown that the district court's remarks resulted in any substantial prejudice.  *See Bermea*, 30 F.3d at 1571.  In sum, Zapata has not shown reversible error, either with respect to the denial of his motion for a new trial or on his claim of judicial misconduct.  *See Franklin*, 561 F.3d at 405; *Bermea*, 30 F.3d at 1571; *Williams*, 809 F.2d at 1091.

Zapata also contends that 18 U.S.C. § 922(g) is unconstitutional as an improper exercise of Congress's power under the Commerce Clause.  As Zapata concedes, his argument is foreclosed by our precedent.  *See United States v. Rawls*, 85 F.3d 240, 242 (5th Cir. 1996).

AFFIRMED.