# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10074
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 19, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KWAESI COLLINS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CR-187-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:*

Kwaesi Collins appeals his conviction for being a felon in possession of a firearm. *See* 18 U.S.C. §§ 922(g)(1), 924(e). Relying on *Nat'l Fed'n of Indep. Bus. (NFIB) v. Sebelius*, 132 S. Ct. 2566 (2012), Collins contends that § 922(g)(1) exceeds Congress's power under the Commerce Clause. He argues that § 922(g)(1) is unconstitutional as applied because the indictment did not state that his possession of the firearm was an economic activity and failed to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10074

reflect that he was engaged in the relevant market at the time of the regulated conduct.  Further, he contends that § 922(g)(1) is facially unconstitutional because *NFIB* interpreted the Commerce Clause to mandate that "Congress may regulate only ongoing economic activity," and his possession of a firearm purchased many years ago does not qualify.

This court reviews preserved constitutional claims and the denial of a motion to dismiss an indictment de novo.  *See United States v. Whaley*, 577 F.3d 254, 256 (5th Cir. 2009); *United States v. Kay*, 513 F.3d 432, 440 (5th Cir. 2007).  In *United States v. Wallace*, 889 F.2d 580, 583 (5th Cir. 1989), and decisions following, this court held that § 922(g)(1) was a valid exercise of Congress's authority under the Commerce Clause.  *United States v. Alcantar*, 733 F.3d 143, 145 (5th Cir. 2013), *cert. denied* ___ S. Ct. ___, 2014 WL 682525 (2014).  *NFIB* did not overrule this court's precedent upholding § 922(g)(1).  *Id.* at 146.  Accordingly, Collins's argument that § 922(g)(1) is unconstitutional on its face is foreclosed.  *See id.*

Furthermore, this court's cases upholding § 922(g)(1) uniformly establish that the statute is constitutional in that it properly regulates the possession of guns that have moved in interstate commerce.  *See, e.g., United States v. Rawls*, 85 F.3d 240, 242 (5th Cir. 1996).  There is no additional requirement that, to apply the law constitutionally, the Government must prove some economic activity beyond the interstate movement of the weapon.  *See United States v. Meza*, 701 F.3d 411, 418 (5th Cir. 2012).  Accordingly, Collins's constitutional challenge to the application of § 922(g)(1) also fails.

AFFIRMED.