# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10535
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 31, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

XAVIER LISTER,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CR-215-1

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Xavier Lister appeals his conviction of being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). Relying on *National Federation of Independent Business v. Sebelius,* 132 S. Ct. 2566 (2012) (*National Federation*), he contends that § 922(g)(1) exceeds Congress's power under the Commerce Clause. He argues that § 922(g)(1) is unconstitutional as applied because there was no testimony or stipulation that his possession of the firearm was an

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

economic activity or that he was engaged in the relevant market at the time of the regulated conduct.   Further, he contends that § 922(g)(1) is facially unconstitutional because *National Federation* interpreted the Commerce Clause to mandate that "Congress may regulate only ongoing economic activity," and his possession of a firearm purchased many years ago does not qualify.  The Government moves for summary affirmance, or in the alternative, for an extension of time to file an appellee's brief.

We review preserved sufficiency of the evidence and constitutional claims de novo.  *See United States v. Whaley*, 577 F.3d 254, 256 (5th Cir. 2009); *United States v. Williams*, 602 F.3d 313, 315 (5th Cir. 2010).  Since our decision in *United States v. Wallace,* 889 F.2d 580, 583 (5th Cir. 1989), we have consistently held that § 922(g)(1) is a valid exercise of Congress's authority under the Commerce Clause.  *See United States v. Alcantar,* 733 F.3d 143, 145 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1570 (2014).  *National Federation* did not overrule this court's precedent upholding § 922(g)(1).   *Id.* at 146. Accordingly, Lister's challenge to the constitutionality of § 922(g)(1) is foreclosed.  *See id.* at 146 & n.4; *United States v. Meza*, 701 F.3d 411, 418 (5th Cir. 2012); *United States v. Rawls*, 85 F.3d 240, 242 (5th Cir. 1996).

Therefore, we GRANT the Government's motion for summary affirmance, DENY its alternative motion for an extension of time to file an appellee's brief, and AFFIRM Lister's conviction.