# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11094
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 29, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS ANTONIO IBARRA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-150-1

Before CLEMENT, COSTA, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Appealing the judgment in a criminal case, Luis Antonio Ibarra raises an argument that is foreclosed by *United States v. Gonzales*, 40 F.3d 735 (5th Cir. 1994), *abrogated on other grounds by United States v. Dunigan*, 555 F.3d 501, 504-06 & n.7 (5th Cir. 2009). In *Gonzales*, 40 F.3d at 737-38, we held that the Supreme Court's decision in *United States v. Dixon*, 509 U.S. 688 (1993), did not overrule *Missouri v. Hunter*, 459 U.S. 359, 368-69 (1983). Ibarra

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11094

also raises an argument that is foreclosed by our decision in *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013), which rejected a challenge to § 922(g) under *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 551-53 (2012).

Additionally, Ibarra raises an argument that is foreclosed by *United States Rawls*, 85 F.3d 240, 242-43 (5th Cir. 1996), in which we held that proof of a firearm's manufacture in another state satisfies the interstate commerce element of § 922(g). Finally, our decision in *United States v. Rose*, 587 F.3d 695, 705-06 (5th Cir. 2009), forecloses Ibarra's argument that knowledge of the interstate nexus is an element of the offense under § 922(g).

Accordingly, the motion for summary disposition is GRANTED, and the judgment of the district court is AFFIRMED.