# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 23-10214
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**

December 29, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

James Edward Johnson,

*Defendant—Appellant*.

―――――――――――――――――――――

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-276-1

―――――――――――――――――――――

Before Willett, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:*

In 2009, James Johnson pled guilty of three felony burglary counts. After his release from prison, Johnson pled guilty of another felony burglary in 2011. As a convicted felon, Johnson is barred by federal law from possessing a firearm or ammunition. *See* 18 U.S.C. § 922(g)(1). Nonetheless, while on parole for this latest burglary conviction in 2022, Johnson brought a

―――――――――――――――――

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10214

handgun with him into an Arlington, Texas nightclub. After Johnson was asked to leave the club because his attire violated its rules, a fight ensued. Johnson fired his weapon into the crowd, injuring a clubgoer. A security guard then punched Johnson, so Johnson shot the guard several times. Johnson then fled the scene with a friend. Subsequently, a grand jury indicted Johnson for possessing five spent shell casings from the shooting in violation of § 922(g)(1). Johnson pled guilty, and the district court imposed a 120-month sentence.

Johnson appealed, arguing that the district court erred in three ways by accepting his guilty plea. First, Johnson contends there was an insufficient factual basis for his plea because § 922(g)(1)'s "in or affecting commerce" element, "correctly interpreted," requires more than the mere past movement of his ammunition in interstate commerce. But, as Johnson acknowledges, our precedent holds otherwise. *See United States v. Rawls*, 85 F.3d 240, 242 (5th Cir. 1996).

Second, Johnson contends that § 922(g)(1) exceeds Congress's authority under the Commerce Clause and that the district court erred by failing to advise him of that fact. But Johnson recognizes that this challenge is also foreclosed by our caselaw. *See United States v. Alcantar*, 733 F.3d 143 (5th Cir. 2013).

Finally, Johnson argues that § 922(g)(1) violates the Second Amendment under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). But Johnson concedes that our review is for plain error, and, in a recently published opinion, we held that § 922(g)(1) is not clearly or obviously unconstitutional under *Bruen*. *See United States v. Jones*, --- F.4th ----, No. 23-10198, 2023 WL 8074295, at *2 (5th Cir. Nov. 21, 2023). Accordingly, all of Johnson's arguments fail.

AFFIRMED.