# United States Court of Appeals
# for the Fifth Circuit

———————

No. 23-10440

———————

United States Court of Appeals
Fifth Circuit

**FILED**
February 7, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Dequon Reon Stovall,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:22-CR-82-1

_____

Before Stewart, Clement, and Ho, *Circuit Judges*.

Per Curiam:[*]

Dequon Stovall appeals his conviction for possession of ammunition by a convicted felon, arguing that the statute prohibiting such possession, 18 U.S.C. § 922(g)(1), is unconstitutional. We affirm the conviction.

In November 2022, Stovall pleaded guilty to the charge of possession of ammunition by a convicted felon. *See* 18 U.S.C. § 922(g)(1) ("It shall be unlawful for any person . . . who has been convicted in any court of[] a crime

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10440

punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."). In his plea agreement, Stovall waived his right to "appeal the conviction" and to "contest the conviction . . . in any collateral proceeding," but he reserved his right to challenge his conviction or sentence in certain limited contexts, including with respect to "the voluntariness of [his] plea of guilty or this waiver." The district court accepted Stovall's guilty plea and sentenced him to sixty months in prison and one year of supervised release.

Stovall appealed. On appeal, he makes three main arguments. First, he argues that the appeal waiver in his plea agreement does not prevent him from challenging the constitutionality of his conviction. Second, he argues that § 922(g)(1) is unconstitutional because, as its text has been interpreted by the Supreme Court, it exceeds Congress's power under the Commerce Clause. Third, he argues that § 922(g)(1) violates the Second Amendment under the Supreme Court's recent decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).

Stovall concedes that he did not preserve his constitutional challenges at the district court. We therefore review for plain error. *United States v. Howard*, 766 F.3d 414, 419 (5th Cir. 2014). On plain-error review, "the legal error must be clear or obvious, rather than subject to reasonable dispute." *Puckett v. United States*, 556 U.S. 129, 135 (2009).

The parties dispute whether Stovall may appeal his conviction despite having agreed to the appeal waiver. We need not resolve this issue, however, because Stovall's arguments fail on the merits. *United States v. Graves*, 908 F.3d 137, 140 (5th Cir. 2018). First, as Stovall concedes, circuit precedent

forecloses his Commerce Clause challenge to § 922(g)(1). *See United States v. Jones*, 88 F.4th 571, 573 (5th Cir. 2023).[1]

Stovall's Second Amendment challenge is likewise foreclosed. While "[t]his court has not yet addressed the impact of *Bruen* on the constitutionality of § 922(g)(1) in a case in which the issue was preserved in the district court," *id.*, this court recently concluded that such a challenge cannot succeed on plain-error review, *see id.* at 573–74. "Arguments that require the extension of existing precedent cannot meet the plain error standard." *Id.* at 574. Nor can arguments for which "this circuit's law remains unsettled and the other federal circuits have reached divergent conclusions." *Id.* (internal quotation omitted). Because *Bruen*'s effect on § 922(g)(1) is yet unclear, *see id.* at 573–74, Stovall cannot establish that his conviction amounts to plain error. We therefore affirm his conviction.

---

[1] Stovall also advances a statutory argument that, properly interpreted, the text of § 922(g)(1) requires more than a minimal nexus with interstate commerce. However, he acknowledges that this argument is foreclosed as well. *See Scarborough v. United States*, 431 U.S. 563, 575–77 (1977); *United States v. Rawls*, 85 F.3d 240, 242 (5th Cir. 1996).