# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 12, 2024

Lyle W. Cayce
Clerk

———————

No. 23-10138

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Kristopher Lee Rocco,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-261-1

———————————————————————

Before Elrod, Willett, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Federal law bars convicted felons from possessing firearms. *See* 18 U.S.C. § 922(g)(1). Kristopher Rocco, a convicted felon, pled guilty of violating § 922(g)(1) by possessing numerous firearms. He was sentenced to 33 months imprisonment.

On appeal, Rocco argues the district court erred in three ways by accepting his guilty plea. His arguments are all squarely foreclosed by our

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

precedent, however. First, Rocco contends there was an insufficient factual basis for his plea because § 922(g)(1)'s "in or affecting commerce" element, when "[c]orrectly interpreted," requires more than the mere past movement of his firearms in interstate commerce. But, as he acknowledges, our precedent holds otherwise. *See United States v. Rawls*, 85 F.3d 240, 242 (5th Cir. 1996).

Next, Rocco argues that § 922(g)(1) exceeds Congress's authority under the Commerce Clause and that the district court erred by failing to advise him of that fact. Rocco admits, however, that this challenge is also foreclosed by our precedent. *See United States v. Alcantar*, 733 F.3d 143, 145 (5th Cir. 2013).

Finally, Rocco contends that § 922(g)(1) violates the Second Amendment under *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and that the district court erred by failing to inform him of its unconstitutionality. But, as he concedes, our review is for plain error. And, in a recently published opinion, we held that § 922(g)(1) is not clearly or obviously unconstitutional under *Bruen. See United States v. Jones*, 88 F.4th 571, 573–74 (5th Cir. 2023). Therefore, Rocco cannot demonstrate plain error.

AFFIRMED.