# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-10539
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

February 23, 2024

Lyle W. Cayce
Clerk

United States of America,

　　　　　　　　　　　　　　　　　*Plaintiff—Appellee*,

*versus*

Austin Drake Day,

　　　　　　　　　　　　　　　　　*Defendant—Appellant*.

————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:22-CR-125-1

————————————————————————

Before Barksdale, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Austin Drake Day challenges his guilty-plea conviction, pursuant to a written plea agreement, for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) (prohibiting felon in possession of firearm), 924(a)(8) (outlining maximum penalty).  He contends for the first time on appeal that:  the court misconstrued § 922(g)(1); the provision

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

violates the Second Amendment; and, as a result, the court plainly erred in accepting his plea.

Day (as he also concedes) did not raise these issues in district court. The failure to preserve a claim in district court results in review's being only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Day must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

Day first asserts: § 922(g)(1) requires more than a showing that the firearm he possessed traveled in interstate commerce; in the alternative, § 922(g)(1) is unconstitutional because it exceeds Congress' power to regulate interstate commerce. Day acknowledges our precedent forecloses his assertions. *E.g.*, *United States v. Rawls*, 85 F.3d 240, 242–43 (5th Cir. 1996) ("The 'in or affecting commerce' element can be satisfied if the firearm possessed by a convicted felon had previously traveled in interstate commerce."); *United States v. Alcantar*, 733 F.3d 143, 145–46 (5th Cir. 2013) (maintaining "§ 922(g)(1) is a valid exercise of Congress's authority under the Commerce Clause"). As a result, he raises the issues to preserve them for possible further review.

Second, Day contends § 922(g)(1) infringes the Second Amendment under *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 17 (2022) (outlining test for assessing whether statute infringes Second Amendment). Our court has rejected the same contention under plain-error review. *E.g.*, *United States v. Jones*, 88 F.4th 571, 574 (5th Cir. 2023).

No. 23-10539

Last, Day maintains, in the light of his challenges (the claimed errors) *supra*, the district court misadvised him of the nature of his offense and erroneously accepted the factual basis for his guilty plea; in violation of Federal Rule of Criminal Procedure 11(b)(1)(G), (b)(3), respectively. Because our court rejects Day's underlying challenges, he does not show the requisite clear-or-obvious error.

AFFIRMED.