# United States Court of Appeals for the Fifth Circuit

―――――――――

No. 25-11063
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**

May 5, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Antonio Daleon White,

*Defendant—Appellant*.

―――――――――――――――――――――――

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:25-CR-95-1

―――――――――――――――――――――――

Before King, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

Antonio Daleon White appeals his guilty plea conviction for possessing a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1). He argues that § 922(g)(1), properly interpreted, requires more than a firearm's past movement in commerce to show the requisite interstate nexus and therefore the factual basis for his plea was inadequate. Conversely,

―――――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-11063

he asserts that if § 922(g)(1) is not so interpreted, Congress exceeded its authority under the Commerce Clause. Finally, White contends that § 922(g)(1) violates the Second Amendment. The Government has filed an unopposed motion for summary affirmance or, in the alternative, for an extension of time to file an appellate brief.

We have held that the interstate commerce element of § 922(g)(1) is satisfied where the firearm had previously traveled in interstate commerce. *See United States v. Rawls*, 85 F.3d 240, 242 (5th Cir. 1996). In addition, White's Commerce Clause challenge is foreclosed, *see United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013), as is his Second Amendment challenge, *see United States v. Diaz*, 116 F.4th 458, 471-72 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 2822 (2025); *United States v. Schnur*, 132 F.4th 863, 870-71 (5th Cir. 2025).

Summary affirmance is therefore appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time is DENIED as moot, and the judgment of the district court is AFFIRMED.