IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20656
Conference Calendar

_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

TERRENCE CORNISH,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-797-1
--------------------
April 10, 2002

Before SMITH, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Terrence Cornish appeals from his conviction for possession
of a firearm subsequent to a felony conviction.  Focusing on the
interstate commerce element of the offense, Cornish challenges
the constitutionality of 18 U.S.C. § 922(g).  Cornish
acknowledges this court's current interpretation of the statute,
which requires only a minimal nexus between the firearm and
interstate commerce.  Nevertheless, Cornish invites us to
reconsider this statutory interpretation in light of the evidence
presented at his trial regarding the high percentage of firearms

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

manufactured outside of Texas.  Citing <u>Jones v. United States</u>, 529 U.S. 848, 856-58 (2000), Cornish argues that this high percentage demonstrates that the statute's reach is overly broad, since an "overwhelming majority" of weapons fall within the statute's purview.

The "in or affecting commerce" element of 18 U.S.C. § 922(g) requires only a minimal nexus between the firearm and interstate commerce.  <u>United States v. Gresham</u>, 118 F.3d 258, 265 (5th Cir. 1997).  This element is satisfied because the firearm possessed by Cornish previously traveled in interstate commerce.  <u>United States v. Rawls</u>, 85 F.3d 240, 242-43 (5th Cir. 1996).

Cornish's reliance on <u>Jones</u> is unavailing.  We have recently held that <u>Jones</u> neither affects nor undermines the constitutionality of § 922(g).  <u>See</u> <u>United States v. Daugherty</u>, 264 F.3d 513, 518 (5th Cir. 2001), <u>cert. denied</u>, 122 S. Ct. 1113 (2002).

AFFIRMED.