IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20729
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOEL RAMIREZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-26-ALL
--------------------
April 11, 2002

Before SMITH, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Joel Ramirez appeals from his guilty-plea conviction for possession of a firearm subsequent to a felony conviction.  He contends that the factual basis was insufficient to support the interstate commerce element of an 18 U.S.C. § 922(g)(1) offense and that this court should reconsider its jurisprudence regarding the constitutionality of 18 U.S.C. § 922(g)(1) in light of *Jones v. United States*, 529 U.S. 848 (2000), and *United States v. Morrison*, 529 U.S. 598 (2000).  Ramirez concedes that his

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

arguments are foreclosed by this court's precedent but seeks to preserve the issue for Supreme Court review.

The "in or affecting commerce" element of 18 U.S.C. § 922(g)(1) requires only a minimal nexus between the firearm and interstate commerce. *United States v. Gresham*, 118 F.3d 258, 265 (5th Cir. 1997). This element is satisfied because the firearm possessed by Ramirez previously traveled in interstate commerce. *United States v. Rawls*, 85 F.3d 240, 242-43 (5th Cir. 1996). Ramirez's reliance on *Morrison* and *Jones* is misplaced. In *United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001), *cert. denied,* 122 S. Ct. 1113 (2002), this court recently determined that *Morrison* and *Jones* were distinguishable from an 18 U.S.C. § 922(g)(1) case in which the defendant, like Ramirez, had stipulated to facts showing that his firearm had traveled in interstate commerce, emphasizing that "the constitutionality of § 922(g) is not open to question." *Id.* (quotation and citation omitted).

The judgment of the district court is AFFIRMED.