IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40958
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS MARTINEZ SALINAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-01-CR-92-1
--------------------
April 11, 2002

Before SMITH, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Jesus Martinez Salinas appeals from his guilty-plea conviction for possession of a firearm subsequent to a felony conviction. He contends 18 U.S.C. § 922(g)(1), the felon-in-possession statute, is unconstitutional on its face because it does not require a substantial effect on interstate commerce; that his indictment was insufficient because it did not allege a substantial effect on interstate commerce; that there was an insufficient factual basis for his guilty plea because the movement of a firearm from one state to another at some

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

undetermined time in the past does not constitute a substantial effect on interstate commerce; and that this court should reconsider its jurisprudence regarding the constitutionality of 18 U.S.C. § 922(g)(1) in light of *Jones v. United States*, 529 U.S. 848 (2000), and *United States v. Morrison*, 529 U.S. 598 (2000). Martinez concedes that his arguments are foreclosed by this court's precedent but seeks to preserve the arguments for Supreme Court review. Martinez contends that the special conditions of supervised release requiring drug testing and prohibiting alcohol were plainly erroneous because they imposed a greater infringement of his liberty than was necessary and because they were unsupported by the record.

The "in or affecting commerce" element of 18 U.S.C. § 922(g)(1) requires only a minimal nexus between the firearm and interstate commerce. *United States v. Gresham*, 118 F.3d 258, 265 (5th Cir. 1997). This element is satisfied because the firearm possessed by Martinez previously traveled in interstate commerce. *United States v. Rawls*, 85 F.3d 240, 242-43 (5th Cir. 1996). Martinez's reliance on *Morrison* and *Jones* is misplaced. In *United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001), *cert. denied,* 122 S. Ct. 1113 (2002), this court recently determined that *Morrison* and *Jones* were distinguishable from an 18 U.S.C. § 922(g)(1) case in which the defendant, like Martinez, had stipulated to facts showing that his firearm had traveled in interstate commerce, emphasizing that "the constitutionality of § 922(g) is not open to question." *Id*. (quotation and citation omitted).

Martinez did not object when the district court stated that it intended to impose the challenged conditions of supervised release. His contention therefore is reviewed under the plain-error standard. *United States v. Calverley*, 37 F.3d 160, 162 (5th Cir. 1994)(en banc). Consideration of the factors relevant to special conditions of supervised release requires that certain factual findings about the defendant and the offense be made before the determination whether the conditions imposed are reasonably related to those factors. *See* 18 U.S.C. § 3583(d); U.S.S.G. § 5D1.3(b). "Questions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error." *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991). The district court could have made findings regarding Martinez and his history and could have determined how those findings were related to the challenged conditions had Martinez objected at sentencing. He therefore cannot demonstrate plain error.

AFFIRMED.