IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20972
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH OMOWALE,
also known as JOSEPH TERRON BENNETT,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-294-1
--------------------
June 19, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Joseph Omowale appeals his guilty-plea conviction under 18 U.S.C. § 922(g)(1) for possession of a firearm by a convicted felon. He argues that the factual basis for his guilty plea, which showed his intrastate possession of a firearm manufactured outside the state, was insufficient to establish the nexus with interstate commerce required by 18 U.S.C. § 922(g)(1). He surmises, in light of the Supreme Court's recent decisions in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jones v. United States, 529 U.S. 848 (2000), United States v.
Morrison, 529 U.S. 598 (2000), and United States v. Lopez, 514
U.S. 549 (1995), that 18 U.S.C. § 922(g)(1) can no longer be
constitutionally "construed to cover the intrastate possession of
a firearm merely because it traveled across state lines at some
point in the past."  He acknowledges that his claim is foreclosed
by existing Fifth Circuit precedent and states that he raises the
claim solely to preserve it for possible Supreme Court review.

Omowale's claim is indeed foreclosed by circuit precedent.
See United States v. Daugherty, 264 F.3d 513, 518 & n.12 (5th
Cir. 2001), cert. denied, 122 S. Ct. 1113 (2002); United States
v. Rawls, 85 F.3d 240, 242 (5th Cir. 1996).  Accordingly, the
district court's judgment is AFFIRMED.