IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21068
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ROBERT HAROLD WHITE,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-238-ALL
--------------------
June 19, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Robert Harold White appeals his guilty-plea conviction under 18 U.S.C. § 922(g)(1) for possession of a firearm by a convicted felon. He argues that the factual basis for his guilty plea, which showed his intrastate possession of a firearm manufactured outside the state, was insufficient to establish the nexus with interstate commerce required by 18 U.S.C. § 922(g)(1). He argues, in light of the Supreme Court's recent decisions in

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jones v. United States, 529 U.S. 848 (2000), United States v. Morrison, 529 U.S. 598 (2000), and United States v. Lopez, 514 U.S. 549 (1995), that the interstate commerce element of 18 U.S.C. § 922(g)(1) requires something more than the mere fact that the firearm previously crossed state lines.  He acknowledges that his claim is foreclosed by existing Fifth Circuit precedent and states that he raises the claim to preserve it for possible Supreme Court review.

White's claim is foreclosed by circuit precedent.  See United States v. Daugherty, 264 F.3d 513, 518 & n.12 (5th Cir. 2001), cert. denied, 122 S. Ct. 1113 (2002); United States v. Rawls, 85 F.3d 240, 242 (5th Cir. 1996).  Accordingly, the district court's judgment is AFFIRMED.