IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21302
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

BENNIE DUNN,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-486-ALL
--------------------
August 8, 2002
Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Bennie Dunn ("Dunn") appeals his conviction for being a felon
in possession of a firearm in and affecting interstate commerce.
Dunn argues that the district court erred in finding that his
common law wife, Ceylon Collins ("Collins"), had the authority to
consent to the search of his home.  Dunn also contends that the
evidence presented at his trial was insufficient to support the
interstate commerce element of an 18 U.S.C. § 922(g)(1) offense.

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

This court applies a two-tier standard in reviewing a district court's denial of a motion to suppress. United States v. Hunt, 253 F.3d 227, 229 (5th Cir. 2001). The district court's fact findings are reviewed for clear error and its ultimate conclusion as to the constitutionality of the law enforcement action is reviewed *de novo*. Id. at 229-30.

A warrantless search is justified if it was conducted with voluntary consent "obtained from a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected." United States v. Matlock, 415 U.S. 164, 171 (1974). The district court did not err in finding that Collins had the authority to consent to the search of Dunn's house because she lived at the house for three and a half years, and she assisted in paying the household expenses. Furthermore, Collins' sole reason for leaving the house on the day preceding Dunn's arrest was that Dunn had physically assaulted her.

Dunn's argument that the evidence was insufficient to establish that the firearm affected interstate commerce also fails.[1] Because the evidence offered against Dunn indicated that the firearm he possessed in Texas was not manufactured in Texas, Dunn's conviction is supported by the evidence. See United States v. Pierson, 139 F.3d 501, 503 (5th Cir. 1998); United States v. Rawls, 85 F.3d 240, 242 (5th Cir. 1996).

---

[1] Dunn acknowledges that this argument is foreclosed by circuit precedent, but raises the issue to preserve it for Supreme Court review.

AFFIRMED.