IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21072
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RAMON ANTHONY PRICE,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-237-ALL
--------------------
August 21, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:*

     Ramon Anthony Price appeals his bench-trial conviction for possession of a firearm subsequent to a felony conviction.  He challenges the constitutionality of 18 U.S.C. § 922(g)(1) and contends that this court should reconsider its jurisprudence regarding the constitutionality of 18 U.S.C. § 922(g)(1) in light of United States v. Lopez, 514 U.S. 549 (1995), Jones v. United States, 529 U.S. 848 (2000), and United States v. Morrison, 529 U.S. 598 (2000).  Price's arguments are foreclosed by this court's precedent.

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Even after Lopez, the "in or affecting commerce" element of 18 U.S.C. § 922(g)(1) requires only that the firearm possessed by the defendant previously traveled in interstate commerce.  See United States v. Rawls, 85 F.3d 240, 242-43 (5th Cir. 1996) (citing Scarborough v. United States, 431 U.S. 563, 575 (1977)). Price stipulated to evidence that the guns he possessed had traveled in interstate commerce.  This court recently determined that Morrison and Jones were distinguishable from an 18 U.S.C. § 922(g)(1) case in which the defendant, like Price, had stipulated that his firearm had traveled in interstate commerce, emphasizing that "the constitutionality of § 922(g) is not open to question."  United States v. Daugherty, 264 F.3d 513, 518 (5th Cir.), cert. denied, 122 S. Ct. 1113 (2001) (quotation and citation omitted).  The judgment of the district court is AFFIRMED.