IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20958
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

SHANNON LEON RICHARDSON,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-136-ALL
--------------------
August 21, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Shannon Leon Richardson appeals his guilty-plea conviction

under 18 U.S.C. § 922(g)(1) for possession of a firearm by a

convicted felon.  He argues that the factual basis for his guilty

plea, which showed his possession in Texas of a firearm

manufactured outside the state, was insufficient to establish the

nexus with interstate commerce required by 18 U.S.C. § 922(g)(1).

He surmises, in light of the Supreme Court's recent decisions in

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

<u>Jones v. United States</u>, 529 U.S. 848 (2000), <u>United States v. Morrison</u>, 529 U.S. 598 (2000), and <u>United States v. Lopez</u>, 514 U.S. 549 (1995), that 18 U.S.C. § 922(g)(1) can no longer be constitutionally "construed to cover the intrastate possession of a firearm merely because the firearm traveled across state lines at some point in the past." He acknowledges that his claim is foreclosed by existing Fifth Circuit precedent and states that he raises the claim solely to preserve it for possible Supreme Court review.

Richardson's claim is indeed foreclosed by circuit precedent. See <u>United States v. Daugherty</u>, 264 F.3d 513, 518 & n.12 (5th Cir. 2001), <u>cert. denied</u>, 122 S. Ct. 1113 (2002); <u>United States v. Rawls</u>, 85 F.3d 240, 242 (5th Cir. 1996). Accordingly, the district court's judgment is AFFIRMED.