IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 01-21285
Conference Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENSON J. DORSEY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-485-ALL
--------------------
October 30, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Benson J. Dorsey appeals his guilty-plea conviction and sentence for possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He argues that 18 U.S.C. § 922(g)(1) is unconstitutional on its face because it does not require that there be a "substantial" effect on interstate commerce. He contends that, if a substantial effect on interstate commerce is required for a 18 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 922(g)(1) conviction, his indictment was deficient because it did not allege the "substantial" effect on interstate commerce necessary to render the statute constitutional.  He further contends that the factual basis for his guilty plea, which showed his intrastate possession of a firearm manufactured outside the state, was insufficient to establish the nexus with interstate commerce required by 18 U.S.C. § 922(g)(1).

Dorsey raises the issues solely to preserve them for possible Supreme Court review.  As Dorsey acknowledges, his arguments are foreclosed by existing Fifth Circuit precedent. See United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001), cert. denied, 534 U.S. 1150 (2002); United States v. Gresham, 118 F.3d 258, 264-65 (5th Cir. 1997); United States v. Kuban, 94 F.3d 971, 973 (5th Cir. 1996); United States v. Rawls, 85 F.3d 240, 242-43 (5th Cir. 1996).  Accordingly, the judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief.  In its motion, the Government asks that an appellee's brief not be required.  The motion is GRANTED.

AFFIRMED; MOTION GRANTED.