IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20104
Conference Calendar

_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

TONY BERNARD CHERRY,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-594-1
--------------------
October 30, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Tony Bernard Cherry appeals his conviction of being a felon

in possession of a firearm.  He argues, relying on United States

v. Lopez, 514 U.S. 549 (1995), that 18 U.S.C. § 922(g)(1) is

unconstitutional on its face because it does not require that

there be a "substantial" effect on interstate commerce.  He also

contends that, if a substantial effect on interstate commerce is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

required for a 18 U.S.C. § 922(g)(1) conviction, his indictment and the evidence supporting his conviction were insufficient.

He acknowledges that his arguments are foreclosed by this court's decisions in <u>United States v. Rawls</u>, 85 F.3d 240 (5th Cir. 1996); <u>United States v. Daugherty</u>, 264 F.3d 513 (5th Cir. 2001), <u>cert. denied</u>, 122 S. Ct. 1113 (2002); <u>see</u> <u>also</u> <u>United States v. Cavazos</u>, 288 F.3d 706, 712 (5th Cir. 2002), <u>cert. denied</u>, (U.S. Oct. 7, 2002, No. 02-5348), 2002 WL 1764873, but seeks to preserve the argument for further review.

As noted by Cherry, his arguments are foreclosed by the cases cited above.  His conviction is AFFIRMED.