IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21147
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

MARLVIN WALTER SOLOMON,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-293-1
--------------------
December 12, 2002

Before JOLLY, JONES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Marlvin Walter Solomon ("Solomon") appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2).  Solomon makes the following arguments: (1) that 18 U.S.C. § 922(g)(1) is unconstitutional, (2) the evidence was insufficient to support a finding that he possessed a firearm in and affecting interstate commerce, and (3) the indictment was defective because it failed to allege that

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his possession of the firearm had a "substantial effect" on interstate commerce.

Solomon acknowledges that his arguments are foreclosed by circuit precedent. Nevertheless, Solomon seeks to preserve the issues for Supreme Court review. This court has repeatedly emphasized that the constitutionality of 18 U.S.C. 922(g) is not open to question. See United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001), cert. denied 534 U.S. 1150 (2002). Because the factual basis indicated that the firearm Solomon possessed was not manufactured in Texas, Solomon's conviction was supported by the evidence. See United States v. Rawls, 85 F.3d 240, 242 (5th Cir. 1996). Finally, the indictment in Solomon's case was not defective for failing to allege that his possession of the firearm had a "substantial effect" on interstate commerce. See United States v. Gresham, 118 F.3d 258, 264-65 (5th Cir. 1997).

AFFIRMED.