IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20303
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

EMILIO DANIEL PARKER,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-631-1
--------------------
December 12, 2002

Before JOLLY, JONES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Emilio Daniel Parker appeals his conviction and sentence following his guilty plea for being a felon in possession of a firearm. Parker argues that 18 U.S.C. § 922(g)(1) is unconstitutional on its face and as applied in his case. Parker does not dispute that the firearm that he possessed in Texas was manufactured in another state. However, he argues that the mere passage over state lines at some unspecified time in the past is

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not sufficient to establish the firearm's nexus with interstate commerce.

Parker concedes that the court has upheld the constitutionality of 18 U.S.C. § 922(g)(1) and has rejected his argument that the mere movement of a firearm across state lines does not constitute a substantial effect on interstate commerce. See United States v. Rawls, 85 F.3d 240, 242 (5th Cir. 1996); United States v. Daugherty, 264 F.3d 513, 517 (5th Cir. 2001), cert. denied, 534 U.S. 1150 (2002). He argues that he is raising these issues to preserve them for further review.

This court is bound by its precedent absent an intervening Supreme Court decision or a subsequent en banc decision. See United States v. Short, 181 F.3d 620, 624 (5th Cir. 1999). Parker's conviction is AFFIRMED.