IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20465
Conference Calendar

_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MICHAEL MURRAY MILLER,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-632-1
--------------------
December 12, 2002


Before JOLLY, JONES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Michael Murray Miller appeals his guilty plea conviction and

sentence for possession of a firearm by a convicted felon in

violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Relying on

the Supreme Court's decisions in Jones v. United States, 529 U.S.

848 (2000); United States v. Morrison, 529 U.S. 598 (2000); and

United States v. Lopez, 514 U.S. 549 (1995), Miller argues that

18 U.S.C. § 922(g)(1) is unconstitutional on its face because it

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

does not require a "substantial" effect on interstate commerce. In the alternative, Miller argues that if 18 U.S.C. § 922(g)(1) is interpreted as implicitly requiring a "substantial" effect on interstate commerce, his indictment and the factual basis supporting his guilty plea are insufficient.

Miller raises his arguments solely to preserve them for possible Supreme Court review. As he acknowledges, his arguments are foreclosed by existing Fifth Circuit precedent. See United States v. Cavazos, 288 F.3d 706, 712 (5th Cir.), cert. denied, 123 S. Ct. 253 (2002); United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001), cert. denied, 534 U.S. 1150 (2002); United States v. Gresham, 118 F.3d 258, 264-65 (5th Cir. 1997); United States v. Kuban, 94 F.3d 971, 973 (5th Cir. 1996); United States v. Rawls, 85 F.3d 240, 242-43 (5th Cir. 1996). Accordingly, the judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.