IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20021
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERRON CYRIL SLAUGHTER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
H-01-187-1
--------------------
December 16, 2002

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jerron Cyril Slaughter appeals the judgment of the district court following his conviction on one count of being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). He first asserts that the statute of conviction is unconstitutional, but his position is without merit. As Slaughter concedes, we have previously rejected this contention, and we are bound by our prior decisions. See United States v. Cavazos, 288 F.3d 706, 712 (5th Cir. 2002), cert. denied, 123 S.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ct. 253 (2002); United States v. Short, 181 F.3d 620, 624 (5th Cir. 1999); United States v. Rawls, 85 F.3d 240 (5th Cir. 1996).

Slaughter also contends that the prosecutor committed reversible error during closing arguments by bolstering the credibility of government witnesses, by shifting the burden of proof to him, and by making an improper plea to the jury for support of law enforcement. In reviewing a claim of prosecutorial misconduct in the form of improper argument, we must first decide whether the disputed remarks were improper. See United States v. Munoz, 150 F.3d 401, 414 (5th Cir. 1998). Slaughter has not shown that any of the disputed remarks were improper. See United States v. Thomas, 12 F.3d 1350, 1367 (5th Cir. 1994); United States v. Palmer, 37 F.3d 1080, 1086 (5th Cir. 1994); United States v. Fields, 72 F.3d 1200, 1208 (5th Cir. 1996). He thus has not shown that any of the remarks warrant reversal of his conviction. Accordingly, we affirm Slaughter's conviction and sentence.

Finally, Slaughter contends, and the government concedes, that there is a clerical error in his judgment. The judgment reflects that Slaughter pleaded guilty when the record shows that he was convicted after a jury trial. We thus remand this case to the district court for the limited purpose of correcting this apparent clerical error. See FED. R. CRIM. P. 36.

CONVICTION AND SENTENCE AFFIRMED; REMANDED FOR CORRECTION OF CLERICAL ERROR.