IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 02-20326
Conference Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GLENN ANDRE JESSE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-532-1
--------------------
February 20, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Glenn Andre Jesse appeals his bench-trial conviction for possession of a firearm subsequent to a felony conviction. He challenges the constitutionality of 18 U.S.C. § 922(g)(1) and contends that this court should reconsider its jurisprudence regarding the statute in light of United States v. Lopez, 514 U.S. 549 (1995), Jones v. United States, 529 U.S. 848 (2000), and United States v. Morrison, 529 U.S. 598 (2000).

———————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jesse's arguments are foreclosed by this court's precedent. "[N]either the holding in <u>Lopez</u> nor the reasons given therefore constitutionally invalidate § 922(g)(1)." <u>United States v. Rawls</u>, 85 F.3d 240, 242 (5th Cir. 1996). "Neither <u>Jones</u> nor <u>Morrison</u> affects or undermines the constitutionality of § 922(g)." <u>United States v. Daugherty</u>, 264 F.3d 513, 518 (5th Cir. 2001), <u>cert.</u> <u>denied</u>, 534 U.S. 1150 (2002). "This court has repeatedly held that evidence that a firearm has traveled interstate at some point in the past is sufficient to support a conviction under § 922(g), even if the defendant possessed the firearm entirely intrastate." <u>United States v. Cavazos</u>, 288 F.3d 706, 712 (5th Cir.), <u>cert.</u> <u>denied</u>, 123 S. Ct. 253 (2002).

The judgment of the district court is AFFIRMED.