IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40935
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                            Plaintiff-Appellee,

versus

TOMMIE DWAYNE MCNEAL,

                                            Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-01-CR-29-ALL
--------------------
February 20, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Tommie Dwayne McNeal appeals his guilty plea conviction and sentence for possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Relying on the Supreme Court's decisions in Jones v. United States, 529 U.S. 848 (2000); United States v. Morrison, 529 U.S. 598 (2000); and United States v. Lopez, 514 U.S. 549 (1995), McNeal argues that 18 U.S.C. § 922(g)(1) is unconstitutional on its face because it

_____

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

does not require a "substantial" effect on interstate commerce, as is required for a constitutional exercise of Congress's power to regulate interstate commerce. In the alternative, McNeal argues that if 18 U.S.C. § 922(g)(1) is interpreted as implicitly requiring a "substantial" effect on interstate commerce, his indictment and the factual basis supporting his guilty plea are insufficient. McNeal further contends that 18 U.S.C. § 922(g)(1) can no longer constitutionally be construed to cover the intrastate possession of a handgun merely due to the fact that it traveled across state lines at some point in the past. He argues that such a construction would be applicable to 90% of all firearms in this country.

McNeal raises his arguments solely to preserve them for possible Supreme Court review. As he acknowledges, his arguments are foreclosed by existing Fifth Circuit precedent. See United States v. Cavazos, 288 F.3d 706, 712 (5th Cir.), cert. denied, 123 S. Ct. 253 (2002); United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001), cert. denied, 534 U.S. 1150 (2002); United States v. Gresham, 118 F.3d 258, 264-65 (5th Cir. 1997); United States v. Kuban, 94 F.3d 971, 973 (5th Cir. 1996); United States v. Rawls, 85 F.3d 240, 242-43 (5th Cir. 1996). Accordingly, the judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.