United States Court of Appeals
Fifth Circuit

**F I L E D**

June 25, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-21077
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

GREGORY HUNT,

                                    Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-58-ALL
---------------------

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Gregory Hunt appeals his conviction and sentence for

possession of a firearm by a convicted felon in violation of 18

U.S.C. §§ 922(g)(1) and 924(a)(2).  Relying on the Supreme

Court's decisions in Jones v. United States, 529 U.S. 848 (2000);

United States v. Morrison, 529 U.S. 598 (2000); and United States

v. Lopez, 514 U.S. 549 (1995), Hunt argues that 18 U.S.C.

§ 922(g)(1) is unconstitutional on its face because it does not

require a "substantial" effect on interstate commerce, as is

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

required for a constitutional exercise of Congress's power to regulate interstate commerce. In the alternative, Hunt argues that if 18 U.S.C. § 922(g)(1) is interpreted as implicitly requiring a "substantial" effect on interstate commerce, his indictment and the evidence supporting his conviction are insufficient. Hunt further contends that 18 U.S.C. § 922(g)(1) can no longer constitutionally be construed to cover the intrastate possession of a handgun merely due to the fact that it traveled across state lines at some point in the past. He argues that such a construction would be applicable to 90% of all firearms in this country.

Hunt raises his arguments solely to preserve them for possible Supreme Court review. As he acknowledges, his arguments are foreclosed by existing Fifth Circuit precedent. See United States v. Cavazos, 288 F.3d 706, 712 (5th Cir.), cert. denied, 123 S. Ct. 253 (2002); United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001), cert. denied, 534 U.S. 1150 (2002); United States v. Gresham, 118 F.3d 258, 264-65 (5th Cir. 1997); United States v. Kuban, 94 F.3d 971, 973 (5th Cir. 1996); United States v. Rawls, 85 F.3d 240, 242-43 (5th Cir. 1996). Accordingly, the judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.