United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 20, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40041
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO FERNANDO PENA,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-02-CR-40-1
---------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Roberto Fernando Pena appeals his guilty-plea conviction and

sentence for possession of a firearm by a convicted felon in

violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Citing the

Supreme Court's decisions in Jones v. United States, 529 U.S. 848

(2000); United States v. Morrison, 529 U.S. 598 (2000); and

United States v. Lopez, 514 U.S. 549 (1995), Pena argues, for the

first time on appeal, that 18 U.S.C. § 922(g)(1) can no longer

constitutionally be construed to cover the intrastate possession

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of a firearm merely due to the fact that it traveled across state lines at some point in the past. Accordingly, Pena argues that the factual basis supporting his guilty plea, which established that the firearms he possessed in Texas were manufactured in another state or foreign country, was insufficient to establish the interstate commerce element of 18 U.S.C. § 922(g).

Pena raises his argument solely to preserve it for possible Supreme Court review. As he acknowledges, his argument is foreclosed by existing Fifth Circuit precedent. See United States v. Cavazos, 288 F.3d 706, 712 (5th Cir.), cert. denied, 123 S. Ct. 253 (2002); United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001), cert. denied, 534 U.S. 1150 (2002); United States v. Gresham, 118 F.3d 258, 264-65 (5th Cir. 1997); United States v. Kuban, 94 F.3d 971, 973 (5th Cir. 1996); United States v. Rawls, 85 F.3d 240, 242-43 (5th Cir. 1996).

Because Pena's argument is foreclosed, the Government has moved for a summary affirmance of the district court's judgment. The motion is GRANTED. The judgment of the district court is AFFIRMED.

AFFIRMED; MOTION GRANTED.