United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 10, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-20479
Conference Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAUL JAMES SANDERS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-796-ALL
--------------------

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

Paul James Sanders appeals his conviction and sentence for possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1). Citing the Supreme Court's decisions in Jones v. United States, 529 U.S. 848 (2000); United States v. Morrison, 529 U.S. 598 (2000); and United States v. Lopez, 514 U.S. 549 (1995), Sanders argues that 18 U.S.C. § 922(g)(1) can no longer constitutionally be construed to cover the intrastate possession of a firearm merely due to the fact that it traveled

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

across state lines at some point in the past.  Accordingly, Sanders argues that the evidence, which stipulated that the firearm he possessed in Texas was manufactured in California, was insufficient to establish the interstate commerce element of 18 U.S.C. § 922(g) and thus insufficient to support his conviction.

Sanders raises his argument solely to preserve it for possible Supreme Court review.  As he acknowledges, his argument is foreclosed by existing Fifth Circuit precedent.  See United States v. Cavazos, 288 F.3d 706, 712 (5th Cir.), cert. denied, 537 U.S. 910 (2002); United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001), cert. denied, 534 U.S. 1150 (2002); United States v. Gresham, 118 F.3d 258, 264-65 (5th Cir. 1997); United States v. Kuban, 94 F.3d 971, 973 (5th Cir. 1996); United States v. Rawls, 85 F.3d 240, 242-43 (5th Cir. 1996).

Because the argument is foreclosed, the Government has moved for a summary affirmance of the district court's judgment.  The motion is GRANTED.  The judgment of the district court is AFFIRMED.

AFFIRMED; MOTION GRANTED.