United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-41077
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL SALINAS,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-03-CR-282-ALL
---------------------

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Miguel Salinas appeals from his guilty-plea conviction on one count of being a felon in possession of a firearm. Salinas attacks the constitutionality of his conviction under 18 U.S.C. § 922(g)(1), contending that there was no evidence that the firearm he possessed was in or substantially affected interstate commerce. He submits that the Supreme Court's decisions in <u>United States v. Lopez</u>, 514 U.S. 549 (1995), <u>United States v. Morrison</u>, 529 U.S. 598 (2000), and <u>Jones v.</u>

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States, 529 U.S. 848 (2000), require that the firearms possession have a "substantial" effect on interstate commerce.

Salinas concedes that his arguments are foreclosed by circuit precedent, but he wishes to preserve them for Supreme Court review. This court has determined that "neither the holding in Lopez nor the reasons given therefor constitutionally invalidate § 922(g)(1)." United States v. Rawls, 85 F.3d 240, 242 (5th Cir. 1996). This court has also determined that "[n]either Jones nor Morrison affects or undermines the constitutionality of § 922(g)." United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001). This court repeatedly has affirmed § 922(g)(1) convictions on evidence similar to that presented in the instant case. See id. at 518 & n.12 (concluding that § 922(g)(1)'s interstate commerce element is satisfied by the defendant's possession of a firearm that was manufactured in a different state or country).

Because the arguments raised on appeal are foreclosed by this court's precedent, the judgment of the district court is AFFIRMED.