United States Court of Appeals
Fifth Circuit

**F I L E D**

June 23, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-51386
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MICHAEL THOMAS,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-01-CR-505-ALL
--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Michael Thomas appeals his guilty plea conviction for

possession of a firearm by a convicted felon in violation of 18

U.S.C. § 922(g)(1).  For the first time on appeal, Thomas

contends that 18 U.S.C. § 922(g)(1) unconstitutionally extends

federal control to firearm possession that does not substantially

affect interstate commerce.  He relies primarily on the Supreme

Court's decision in United States v. Lopez, 514 U.S. 549 (1995).

Thomas acknowledges that this court has considered and rejected

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his argument in <u>United States v. De Leon</u>, 170 F.3d 494, 498-99 (5th Cir. 1999), and <u>United States v. Rawls</u>, 85 F.3d 240, 242 (5th Cir. 1996), but he is raising this argument to preserve it for Supreme Court review.

In <u>Rawls</u>, this court held that the reasons the Supreme Court gave in <u>Lopez</u> for holding 18 U.S.C. § 922(q) unconstitutional do not apply to 18 U.S.C. § 922(g). <u>Rawls</u>, 85 F.3d at 242. More recently, this court has emphasized that the constitutionality of 18 U.S.C. § 922(g) is not open to question. <u>United States v. Daugherty</u>, 264 F.3d 513, 517 (5th Cir. 2001). Because Thomas' argument is foreclosed by this court's precedent, the district court's judgment is AFFIRMED.