**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-51469

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELIAS GONZALES,

Defendant-Appellant.

--------------------
Appeal From the United States District Court
for the Western District of Texas
5:04-CR-305-1
--------------------

Before JOLLY, HIGGINBOTHAM and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellant, Elias Gonzales, was convicted of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1), and sentenced to 51 months of imprisonment and two years of supervised release. He appealed, and we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

After Gonzales left the scene of a domestic altercation, his ex-wife and her friend called the police. Law enforcement officers intercepted Gonzales in his car and pulled him over. They searched his vehicle and discovered a firearm.

Gonzales argues that he was deprived of a fair trial by prosecutorial remarks during the closing statement suggesting that Gonzales's ex-wife and friend called the police in fear because Gonzales had threatened to shoot them. He also asserts that the district court abused its discretion in excluding the audio portion of the videotape of the search of Gonzales's car. At trial, Gonzales sought to use the audio portion of the tape to impeach witnesses who testified against him, particularly two of his friends, who were in the car during the search, as well as an officer who participated in the search and who questioned Gonzales's friends about the firearm at that time. Gonzales wanted to use the tape to show that: 1) during the search his friends denied knowing anything about the firearm; and 2) the officer's questioning of his friends was unduly forceful or

suggestive. He challenges the district court's exclusion of the audio portion of the tape.[1]

After reviewing the evidence and the record, we conclude that each of these arguments is without merit. Even assuming (without deciding) that the prosecutor's remarks during his closing argument were improper, Gonzales has not shown that the remarks affected his substantial rights. Similarly, even assuming arguendo that the district court abused its discretion in excluding the audio portion of the tape, such error is harmless because the record indicates it could have had no more than a minimal effect on the jury's verdict. Both of Gonzales's friends admitted on the stand that they had made prior inconsistent statements, and the officer involved in their questioning likewise acknowledged the flaws in his interrogative technique. Even without the audio evidence, the jury had a clear, accurate picture of what transpired. Accordingly, the defendant's conviction and sentence are AFFIRMED.

---

[1] Gonzales also challenges the constitutionality of the statute under which he was convicted, 18 U.S.C. § 922(g)(1). He acknowledges that the issue is foreclosed by circuit precedent. See United States v. Rawls, 85 F.3d 240, 242 (5th Cir. 1996)(rejecting arguments identical to those raised by Gonzales).