United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 25, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-50641
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

RODRICK LIGHTEARD

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:05-CR-718-ALL
--------------------

Before KING, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Rodrick Lighteard pleaded guilty to possession of more than

five grams of cocaine base, in violation of 21 U.S.C. § 844, and

possession of a firearm by a convicted felon, in violation of

18 U.S.C. §§ 922(g)(1) and 924(a)(2). Lighteard was sentenced to

concurrent imprisonment terms of 188 months on his drug

conviction and 120 months on his firearm conviction. He appeals

his firearm conviction.

Lighteard challenges his firearm conviction on the ground

that the factual basis supporting his plea did not establish that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the firearm he possessed had traveled in or affected interstate commerce.  Because Lighteard did not challenge the sufficiency of the factual basis in the district court, this court reviews the issue for plain error.  See United States v. Castro-Trevino, 464 F.3d 536, 541 (5th Cir. 2006).  The record contains no indication that Lighteard ever took issue with whether the firearm had traveled in or affected interstate commerce, and Lighteard does not argue that he would not have pleaded guilty but for the district court's error, thus waiving any such argument.  See United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004); United States v. Edwards, 303 F.3d 606, 647 (5th Cir. 2002).  As such, Lighteard has failed to make the requisite showing.  See Castro-Trevino, 464 F.3d at 544.

Lighteard also argues that § 922(g)(1) is unconstitutional on its face because it does not require a substantial affect on interstate commerce, relying on Jones v. United States, 529 U.S. 848 (2000), United States v. Morrison, 529 U.S. 598 (2000), and United States v. Lopez, 514 U.S. 549 (1995).  This argument is foreclosed by this court's precedent.  See United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001); United States v. Rawls, 85 F.3d 240, 242 (5th Cir. 1996).

Accordingly, the judgment of the district court is AFFIRMED.