# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 25, 2007

Charles R. Fulbruge III
Clerk

No. 06-10263
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ROBERT TROY SLADE

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CR-294-ALL

Before JOLLY, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Robert Troy Slade appeals his jury convictions for being a felon in possession of a firearm, possession with intent to distribute methamphetamine, and possession of a firearm in furtherance of a drug trafficking crime. The Government has moved for summary affirmance.

Slade argues that (1) the evidence was insufficient to sustain his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) because the mere movement of a firearm from one state to another

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

does not constitute a "substantial" effect on interstate commerce and (2) § 922(g)(1) is unconstitutional because it does not require a "substantial" effect on interstate commerce. Slade correctly concedes that his sufficiency claim is foreclosed by United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001), and that his constitutional challenge to § 922(g)(1) is foreclosed by United States v. Rawls, 85 F.3d 240, 242-43 (5th Cir. 1996). He raises these arguments only to preserve them for further review.

Slade additionally argues that the Government was required to prove that he knew the firearm in his possession was in or affecting interstate commerce and therefore, his indictment was fatally defective for failing to allege such knowledge on his part. He correctly concedes that this issue is foreclosed by United States v. Dancy, 861 F.2d 77, 81-82 (5th Cir. 1988), and seeks only to preserve it for further review.

AFFIRMED; MOTION FOR SUMMARY AFFIRMANCE GRANTED; MOTION FOR EXTENSION OF TIME TO FILE BRIEF DENIED.