# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 5, 2010

Charles R. Fulbruge III
Clerk

No. 09-50148
consolidated with 09-50149

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JOSE RAFAEL GUERRA

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:08-CR-369-1

Before KING, JOLLY, and STEWART, Circuit Judges.

PER CURIAM:[*]

Jose Rafael Guerra appeals following his guilty-plea conviction and sentencing for possession of a firearm by a convicted felon and the revocation of his supervised release. Guerra was sentenced to 120 months of imprisonment for possession of the firearm and a consecutive 24-month term of imprisonment for violating his supervised release. Guerra challenges the above-guidelines sentence for possession of the firearm, arguing that it is unreasonable because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-50148

it is greater than necessary to satisfy the sentencing goals in 18 U.S.C. § 3553(a). We AFFIRM the sentence.

## I. FACTUAL AND PROCEDURAL HISTORY

On June 29, 2008, officers received a complaint that Guerra had burglarized a residence and interfered with an emergency telephone call earlier that day. When officers came to Guerra's residence to investigate the complaint, Guerra barricaded himself in a bedroom, warned that "it would be bloody" if the officers entered, and threatened to commit suicide. The officers saw Guerra holding a handgun. Guerra surrendered after a one-hour standoff and was placed under arrest for the burglary and interference charges. He was later released on bond.

On July 3, 2008, Guerra was arrested on a federal warrant for violating his supervised release from a prior conviction for aiding and abetting the importation of marijuana. During the course of his arrest, Guerra assaulted one of the officers. That same day, Guerra managed to escape from the county jail and fled to Mexico. Guerra was rearrested several days later when he tried to reenter the United States.

Guerra was then indicted for and pleaded guilty to possession of a firearm in violation of 18 U.S.C. § 922(g)(1) while he was on supervised release. The presentence report (PSR) assessed an advisory Sentencing Guideline range of 46 to 57 months imprisonment. The statutory maximum term of imprisonment was 120 months. 18 U.S.C. § 924(a)(2). The PSR did not specifically recommend departing from the guidelines, but did detail Guerra's extensive history of criminal activity, and listed a number of pending state charges which could warrant a departure under U.S.S.G. § 4A1.3. The PSR also noted the factors for departure under § 3553(a).

At the sentencing hearing, the district court began by reciting Guerra's criminal history from the age of 12 to 22, characterizing it as "absolute, constant

2

criminal conduct." At age 12, Guerra had been convicted of theft and he twice had probation revoked by the Texas Youth Commission. At age 17, he was convicted of forgery and served six months imprisonment. At age 18, he was arrested for driving while intoxicated and received probation. Just two months later, in October 2004, he was arrested for aggravated assault after stabbing a person in the back, and he again received probation. In January 2005, he was arrested and later convicted in federal court for assisting in the importation of marijuana; he received a sentence of 30 months imprisonment. In March 2007, he received supervised release after serving approximately two years, and within a month of his release he was arrested for driving with a suspended license and was found to be using cocaine. His supervised release continued, and during the next six months he was arrested two more times for driving with a suspended license. In November 2007, he was advised to attend counseling sessions at least once per month, but he failed to attend during January, March, and April 2008. In May 2008, he was arrested for bail jumping and again tested positive for cocaine. On June 24, 2008, at age 22, Guerra appeared before the district court for a revocation hearing due to his ongoing drug use, and the court continued the supervised release with the imposition of additional conditions and supervision.

The district court noted the numerous instances in which Guerra violated a term of probation or supervised release, and stated that it was inclined to increase Guerra's sentence because "[i]t doesn't appear that incarceration has any effect on [him]." Guerra's counsel requested a guidelines sentence and asked the district court "to consider not departing upward significantly," given the 24-month sentence to be imposed for the supervised release violation. Guerra's counsel asked the district court to consider Guerra's difficult life; that his youth made him amenable to rehabilitation; and his mental health conditions, including depression and adolescent conduct disorder. Guerra himself requested

that the court consider the age of his young son, his difficult upbringing, and the fact that a long term of imprisonment would just "corrupt [him] more."

The district court responded that it had taken Guerra's age into consideration when it continued his supervised release on June 24, 2008, but Guerra then committed the possession offense days later. The court expressed its concern about "the nature and circumstances of the offense, a felon in possession of a firearm, threatening policemen who are just serving a warrant, trying to arrest you for the violent crime that you just committed." The court also noted that Guerra also had other parole revocations pending. The court then found that Guerra's history demonstrated that he is a danger to the public, and concluded that a variance was justified under § 3553.

When the court began to pronounce sentence, Guerra punched the lectern and shouted a string of expletives. United States Marshals had to restrain him so that the court could complete the sentencing. The court then stated the sentence of 120 months of imprisonment and three years of supervised release for the possession offense, and 24 months of imprisonment for the supervised release violation to be served consecutive to the 120-month term of imprisonment. Guerra filed timely notices of appeal as to both sentences.

## II. DISCUSSION

A. Reasonableness of the Above-Guideline Sentence

Guerra argues that the sentence imposed by the district court is unreasonable because it was greater than necessary to effectuate the sentencing goals of 18 § U.S.C. 3553(a). Guerra does not argue that the district court committed any procedural error in imposing his sentence, therefore we examine only the substantive reasonableness of the sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). We "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id*. When reviewing a sentence for substantive reasonableness, "the court will . . . take into account the totality

of the circumstances, including the extent of any variance from the Guidelines range." *Id.* "[I]f the sentence is outside the Guidelines range, the court may not apply a presumption of unreasonableness. It may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* The fact that we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id.*

"A defendant's criminal history is one of the factors that a court may consider in imposing a non-Guideline[s] sentence." *United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006); *see* U.S.S.G. § 1B1.4 (noting that "[i]n determining . . . whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law"). The district court articulated sufficient reasons to justify the upward departure consistent with the § 3553(a) factors. *Smith*, 440 F.3d at 707. The district court determined that the maximum statutory sentence was necessary in light of the seriousness of the crimes before the court, Guerra's criminal history, and the need to afford adequate deterrence, to promote respect for the law, and to protect the public from further crimes. *See* § 3553(a). With respect to the extent of the departure, the sentence imposed exceeds the advisory guidelines range by 111%. We have previously affirmed an upward departure of 122% where the underlying circumstances rendered the sentence reasonable. *United States v. Herrera-Garduno*, 519 F.3d 526, 531-32 (5th Cir. 2008). Our review of the district court's individualized reasons for the upward departure and the sentencing transcript as a whole, convince us that Guerra's sentence is not unreasonable and that the district court did not abuse its discretion in sentencing Guerra to 120 months of imprisonment.

No. 09-50148

B. Constitutionality of 18 U.S.C. § 922(g)(1)

In order to preserve the argument for further review, Guerra contends that § 922(g)(1) does not require a substantial effect on interstate commerce and is, therefore, unconstitutional under *United States v. Lopez*, 514 U.S. 549 (1995); *United States v. Morrison*, 529 U.S. 598 (2000); and *Jones v. United States*, 529 U.S. 848 (2000). As Guerra concedes, his argument is foreclosed by our precedent. *See United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001); *United States v. Rawls*, 85 F.3d 240, 242 (5th Cir. 1996).

## III. CONCLUSION

For the foregoing reasons, the judgments of the district court are AFFIRMED.