# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 19, 2019

Lyle W. Cayce
Clerk

No. 18-11531
Summary Calendar

UNITED STATES OF AMERICA,

  Plaintiff-Appellee

v.

CHELSEY BROOK AGUIRRI,

  Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:18-CR-54-1

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Chelsey Brook Aguirri pleaded guilty to one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to 120 months of imprisonment. On appeal, she argues that her conviction is invalid because there was an insufficient factual basis for the plea. As grounds for her claim, Aguirri asserts that there is an insufficient factual basis for the interstate commerce element of § 922(g) because the statute requires more

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11531

than a mere showing that the firearm passed from one state to another at some time in the past; that § 922(g) is unconstitutional because it exceeds Congress's power to regulate interstate commerce; and that there is an insufficient factual basis for the mens rea element of § 922(g) because there is no basis in the record to find that she knew of her felon status or knew that the firearm was in or affecting interstate commerce.  Aguirri concedes that these arguments are foreclosed and are raised only to preserve the issue for further review.  The government has filed an unopposed motion for summary affirmance because Aguirri's arguments are foreclosed by this court's binding precedent.

Aguirri's interstate commerce element argument is foreclosed by *United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001); *United States v. Rawls*, 85 F.3d 240, 242–43 (5th Cir. 1996).  Her argument challenging the constitutionality of § 922(g) is foreclosed by *United States v. Alcantar*, 733 F.3d 143, 145–46 (5th Cir. 2013).  Her mens rea argument is foreclosed by *United States v. Rose*, 587 F.3d 695, 705–06 (5th Cir. 2009); *United States v. Dancy*, 861 F.2d 77, 81–82 (5th Cir. 1988).  Given the foregoing, summary affirmance is appropriate.  *See, e.g., Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  Accordingly, the government's motion for summary affirmance is GRANTED, and the judgment is AFFIRMED.  The government's alternative motion for an extension of time to file a response brief is DENIED as moot.