# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 14, 2020

Lyle W. Cayce
Clerk

No. 19-10993
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ANGEL HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:19-CR-39-1

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Jose Angel Hernandez pleaded guilty to one count of possession of a firearm by a felon. He now appeals his conviction and his 96 month, above-guidelines sentence.

First, Hernandez argues that his sentence is substantively unreasonable because it is greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a). This court reviews the substantive reasonableness of a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence under the abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). A non-guidelines sentence is substantively unreasonable if it fails to reflect the § 3553(a) sentencing factors in that it: "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

Hernandez asserts that the district court failed to consider the mitigating factors presented at sentencing. Despite Hernandez's assertion to the contrary, the district court specifically stated that it considered defense counsel's "compelling argument," which was devoted entirely to mitigating factors. The district court considered Hernandez's mitigating arguments but found them to be outweighed by the aggravating facts of the offense and his criminal history. There is no requirement that the district court must accord a mitigating factor dispositive weight. *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). Thus, Hernandez has not shown that the district court failed to consider a factor that should have been given significant weight. *See Smith*, 440 F.3d at 708.

In addition, Hernandez contends that the district court gave "unwarranted weight to at least two factors that were already considered" in the guidelines calculation, namely, his pointing of a gun at another person and his criminal history. This, he states, represents a clear error of judgment in balancing the sentencing factors. However, the district court may give additional weight to factors included in calculating the applicable advisory guidelines range. *Lopez-Velasquez*, 526 F.3d at 807. This includes criminal history. *See Smith*, 440 F.3d at 709. Thus, Hernandez has not shown that the

No. 19-10993

district court made a clear error of judgment in balancing the sentencing factors. *See Smith*, 440 F.3d at 708.

Hernandez further argues that his conviction for violation of 18 U.S.C. § 922(g) is unconstitutional facially and as applied to him and that there is an insufficient factual basis as to his knowledge of the interstate commerce element. Hernandez's argument that past movement of a firearm in interstate commerce is insufficient is foreclosed by *United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001); *United States v. Rawls*, 85 F.3d 240, 242-43 (5th Cir. 1996). His argument challenging the constitutionality of § 922(g) as exceeding the Commerce Clause is foreclosed by *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013). His mens rea argument is foreclosed by *United States v. Rose*, 587 F.3d 695, 705-06 (5th Cir. 2009); *United States v. Dancy*, 861 F.2d 77, 80-82 (5th Cir. 1988); *Rehaif v. United States*, 139 S. Ct. 2191, 2194, 2196 (2019).

Accordingly, the judgment is AFFIRMED.